STALLINGS ET AL. *v.* DICK.

[No. 19,871. Filed October 15, 1965. Rehearing denied October 25, 1965. Transfer denied June 9, 1966.]

*Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellant, John Stallings.

*McCray, Clark, Stetham & McCray,* of Evansville, for appellant, Gerald Evans.

*Clements and McClellan,* of Mt. Vernon, and *McDonald and McDonald,* of Princeton, for appellee.

SMITH, J.—This is an action brought by appellee, Joseph Dick, Jr., against the appellants, John Stallings and Gerald Evans, to recover damages for personal injuries allegedly sustained by the appellee as a result of the appellee being thrown from an automobile, owned and operated by the appellant John Stallings, which was being pushed from the rear by a truck operated by appellant Gerald Evans. That as a result of being thrown from said automobile said appellee was run over by said truck, jointly operated by said appellants, which said accident occurred on the 28th day of July, 1958 just west of the intersection of Water and Mulberry Streets in the city of Mt. Vernon, Indiana.

The appellee filed a complaint in one paragraph which was later amended, to which amended complaint the appellant John Stallings filed his motion to make appellee's amended complaint more specific, definite and certain, which motion the trial court overruled. The appellant John Stallings filed his demurrer to parts of appellee's amended complaint, which demurrer was overruled; and thereafter the appellant John Stallings filed his general demurrer to appellee's amended complaint, which general demurrer was overruled. The appellant John Stallings filed his answer in denial to appellee's

amended complaint, and thereafter he filed a second paragraph of answer to appellee's amended complaint. The appellee filed his reply in denial to the second paragraph of answer of the appellant John Stallings.

The amended complaint charged that the appellant John Stallings, on the 28th day of July, 1958 was the owner of a 1954 Chevrolet automobile which was parked on the south side of Water Street in the city of Mt. Vernon, Indiana, approximately thirty feet west of the intersection of Water Street and Main Street; and at said time and place said appellant was attempting to start the engine of his automobile. That at said time and place the appellant Gerald Evans had under his control a truck which was parked on the north side of Water Street in the city of Mt. Vernon, Indiana, in the first parking space west of the intersection of Water Street and Main Street. That by an arrangement or an agreement between said appellants they jointly agreed and undertook to push the stalled automobile of the appellant Stallings with the truck of appellant Evans from the parked position on the aforesaid street; that Stallings' automobile was being guided by him and was being pushed from the rear by the truck operated by Evans; and that at said time and place it appeared, that due to a difference in height of the bumper on said automobile and said truck, there was an overriding of the bumpers so that they did not come together, thereby enabling said automobile to be pushed by said truck. That at the request of the appellants acting together, the appellee Joseph Dick, Jr., stood on the rear bumper of the Stallings automobile so that his weight would depress the bumper and thereby enable it to meet the bumper on said truck; that said appellants, acting jointly, carelessly and negligently pushed, steered and propelled said automobile from a parked and standing position while appellee at their request was standing on the rear bumper of the Stallings motor vehicle, and that said automobile and truck proceeded in an easterly direction on Water Street and as they arrived

just west of the intersection of Water Street and Mulberry Street, appellee was violently thrown from Stallings' automobile onto the street and was run over by Evans' truck thereby causing him serious and permanent injuries.

The appellants were jointly charged in the amended complaint with the following acts of negligence:

1. Pushing, steering and propelling said motor vehicle over a rough, uneven and pitted street, thereby causing the vehicles to lurch, sway and jolt;

2. Pushing, steering and propelling said vehicles over a rough, uneven and pitted street at a speed greater than necessary, reasonable and prudent under the conditions, to-wit: 20 to 25 miles per hour;

3. Pushing, steering and propelling said vehicles with the appellee in a position of peril on the rear of Stallings' automobile;

4. Pushing, steering and propelling said disabled automobile on a public street while said automobile was in an unsafe mechanical condition so as to be dangerous to persons on the street, including the appellee; and

5. Pushing said Stalling automobile with the gears disengaged until it attained a speed of 20 to 25 miles per hour and suddenly and without warning throwing said automobile into gear causing a sudden violent jolting and lurching of said automobile.

The appellant John Stallings filed an answer in denial expressly denying the charges of negligence contained in the amended complaint and the facts alleged with respect thereto; and, by way of a second paragraph of answer, the appellant, John Stallings, charged that the appellee well knew the risks necessarily incident to standing or riding upon the rear bumper of the automobile driven by the appellant Stallings, and knowingly and voluntarily placed himself upon said rear bumper of the automobile operated by appellant Stallings thereby exposing himself to and incurring the risk of the hazard of falling or being thrown from said automobile; and further charged that the injuries of which the appellee complains were proximately caused in whole or in part by the risk thus incurred by the appellee. The appellee filed a reply

in denial to the second paragraph of appellant Stallings' answer.

The appellant Gerald Evans filed an answer in denial to appellee's amended complaint expressly denying the charges of negligence contained in the amended complaint and the facts alleged with respect thereto; and, by way of a second paragraph of answer, the appellant Evans charged that the appellee well knew the risk necessarily incident to standing or riding upon the rear bumper of the automobile operated by the appellant Stallings, and knowingly and voluntarily placed himself upon said rear bumper thereby exposing himself to and incurring the risk of the hazard of falling or being thrown from said automobile, and further charged that the injuries of which the appellee complains were proximately caused in whole or in part by the risk thus incurred by the appellee. The appellee filed a reply in denial to the second paragraph of appellant Evans' answer.

Upon the issues thus joined the cause was submitted to a jury for trial. The jury returned a joint verdict for the appellee and against the appellants John Stallings and Gerald Evans awarding the appellee the sum of $20,000.00 as damages. Judgment was thereafter rendered on the verdict.

The appellant John Stallings and the appellant Gerald Evans filed separate and several motions for a new trial which motions were overruled and from these rulings this appeal has been taken.

The court granted appellants' petition to file a joint brief with added sections by each appellant containing questions and issues pertaining and applicable separately to each appellant.

The separate and several assignment of errors of appellants are as follows:

"A.

"The appellant, Gerald Evans, separately and severally avers that there is error in the proceedings and judgment in said cause in this:

"1. The trial court erred in overruling the motion of the appellant, Gerald Evans, for a new trial.

"B.

"The appellant, John Stallings, separately and severally avers that there is error in the proceedings and judgment in said cause in this:

"1. The trial court erred in overruling the motion of the appellant, John Stallings, for a new trial.

"2. The trial court erred in overruling the demurrer of the appellant, John Stallings, to plaintiff's [appellee's] amended complaint."

Generally the appellants allege as error that the verdict of the jury is not sustained by sufficient evidence and the verdict of the jury is contrary to law.

The appellants contend that the court erred in over-ruling the motion and request of the appellants John Stallings and Gerald Evans to give to the jury at the conclusion of the evidence a peremptory instruction to return a verdict for the appellants John Stallings and Gerald Evans and therefore the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

In support of this contention the appellants specifically urge that the appellee was guilty of negligence which proximately contributed to his injuries when he stood on a bumper between two moving motor vehicles; and that appellee incurred the risk of the injuries sustained when he voluntarily stood on a bumper between two moving motor vehicles. The appellants maintain that appellee's voluntary participation in the described efforts to start the vehicle of appellant Stallings constituted contributory negligence as a matter of law, both in appellee's entering upon the act in the method described, as well as in the manner of performing the act.

The prevailing Indiana rule is that contributory negligence is generally a question of fact for the jury to determine where

the facts are such as to be subject to more than one reasonable inference. However, where the facts are undisputed and only a single inference can reasonably be drawn therefrom, the question of contributory negligence becomes one of law. *Pittsburgh, etc., R. Co.* v. *Spencer* (1884), 98 Ind. 186; *Jenney Electric Mfg. Co.* v. *Flannery* (1913), 53 Ind. App. 397, 98 N. E. 424.

The Supreme and Appellate Courts have many times recognized the test for "negligence as a matter of law" to be that negligence which is so clear and palpable that no verdict could make it otherwise. *Town of Albion* v. *Hetrick* (1883), 90 Ind. 545, 547; *New York, etc. R. Co.* v. *Hamlin* (1908) 170 Ind. 20, 39, 83 N. E. 343; *Town of New Castle* v. *Grubbs* (1908), 171 Ind. 482, 496, 86 N. E. 757; *Jenney Electric Mfg. Co.* v. *Flannery, supra.*

In applying this test both the Supreme and Appellate Courts have adopted the rule that the voluntary conduct of one exposing himself to dangers which are so obvious, imminent and glaring that no reasonable man exercising due care for his safety would have hazarded them is negligence as a matter of law. *Chicago, etc. R. Co.* v. *Gallion* (1907), 39 Ind. App. 604, 80 N. E. 547; *New York, etc. R. Co.* v. *Hamlin, supra; The Brazil Block Coal Company* v. *Hoodlet* (1891), 129 Ind. 327, 27 N. E. 741.

In the Hamlin case the Supreme Court enunciated this rule as follows:

"This rule is rooted in the principle of public policy that enjoins upon everyone the duty of exercising due care to preserve his body and health from mutilation and injury. The individual is given strength, reason, ears and eyes as means of general protection, and he is duty bound to employ these under all circumstances in a reasonable manner for the promotion of his own personal safety. . . . One with knowledge of existing perils, gained through observation, or from a long continuance in the business, is bound to make use of such knowledge, and look out for such dangers as experience has taught him is liable to produce injury.

Accordingly the Supreme Court has held that the mere entering upon the act of attempting to pass between two cars forming part of a standing train that was about to get underway was contributory negligence as a matter of law. *The Lake Shore and Michigan Southern Railway Company* v. *Pinchin* (1887), 112 Ind. 592, 13 N. E. 677.

In the case at bar, it is obvious that the appellee hazarded a position between appellants' vehicles intending and with the purpose of remaining in that position while the said vehicles were in motion. Moreover the record establishes the fact that appellee maintained that position until the time of his injury without objection or protest of any nature. It is difficult to conceive a more obvious, imminent or glaring position of danger than appellee's voluntary and precarious perch on the rear bumper of appellant Stallings' vehicle while that vehicle was being pushed on a public street. Certainly the act upon which the appellee entered was one that no reasonable man exercising due care for his own safety would have voluntarily hazarded.

Even if it is to be assumed that appellee was without fault in taking this clearly dangerous position between appellants' moving vehicles, however appellee's *manner of performing this act* must be held to constitute negligence as a matter of law which would preclude his recovery. In performing this act, the undisputed evidence clearly discloses that the appellee chose to place his feet upon the upper rim of the rear bumper of the automobile operated by Stallings and to place his hands upon the trunk lid of said automobile. The evidence is further clear and uncontradicted that the trunk lid of Stallings' automobile was smooth and that there was nothing to hold onto for support. However, without any means of support, appellee elected to assume and maintain a precarious balance upon the bumper in the face of the altogether obvious fact that either the success or failure of the efforts to start Stallings' automobile would ultimately re-

sult in a separation of the appellant's vehicles with a concomitant jar to appellee's balance. It seems quite apparent that appellee by his indifference to his surroundings and the reasonable consequences of his acts was clearly guilty of contributory negligence as a matter of law by voluntarily exposing himself to clear and obvious dangers.

It is further the contention of the appellants that the appellee was negligent as a matter of law in that appellee's knowledge of the dangers inherent in his enterprise surpassed or equaled that of appellants. In considering a fact situation wherein the plaintiff took a position between two vehicles for the purpose of disengaging locked bumpers, and sustained injuries when a third vehicle collided with the rear vehicle, the Supreme Court in *Hedgecock* v. *Orlosky* (1942), 220 Ind. 390, 395, 396, 44 N. E. (2d) 93, quoted with approval from 38 Am. Jur., Negligence, § 185, p. 862 as follows:

" * * * In more familiar form the proposition is as follows: Liability is established when it is shown that the peril, being of the defendant's creation, was known to the defendant but not to the person injured; *but no liability is predicable of the injury when it appears that the injured person's knowledge of the danger surpassed or equaled that of the defendant.*" (Emphasis supplied)

In holding plaintiff's conduct contributorily negligent as a matter of law, the court in the *Hedgecock* case reasoned as follows:

"The parties occupied identical positions in so far as each was charged with knowledge of the dangers incident to going between cars while they were standing on the highway. There are no facts in the record that would give either of them the advantage of a more favorable situation in that regard. Both were adults and neither suffered from any disclosed disability or limitation of perception. If the appellant knew or by the exercise of ordinary care ought to have known that it would be hazardous for the appellee to undertake to disengage the vehicles without taking precautions to guard against a subsequent collision, the appellee must be charged with the same knowledge. It is im-

possible to say from the evidence that the appellant's negligence was operative at the time the injury occurred without concluding, as a matter of law, that the appellee was guilty of contributory negligence."

The record is quite clear, in the case at bar, that the appellee and the appellants occupied identical positions with respect to knowledge of the dangers and that they must therefore be charged with identical knowledge of the dangers incident to standing on a bumper between two moving vehicles, with nothing to hold onto, while pushing the automobile to get the engine started. There is no evidence in the record that appellants had the advantage of superior knowledge of the danger; on the contrary, the advantage of the knowledge of the danger lay with the appellee since he took the hazardous position to the rear of appellant Stallings' automobile while appellants were seated in their respective vehicles preoccupied with the mechanics of controlling their vehicles. The evidence reveals that the appellee, as well as the appellants, were adults and none suffered from any disclosed disability of limitation of perception. For these reasons it is impossible to say that appellants' alleged negligence was operative at the time the accident occurred without concluding, as a matter of law, that appellee was guilty of contributory negligence.

The next contention of the appellants is that the appellee incurred the risk of injury.

The courts have long recognized the doctrine of incurred risk and have distinguished it from the separate defense of contributory negligence. *Indiana, etc. Oil Co.* v. *O'Brien* (1903), 160 Ind. 266, 65 N. E. 918; *Pittsburgh, etc. R. Co.* v. *Hoffman,* (1914), 57 Ind. App. 431, 107 N. E. 315; *Pierce* v. *Clemens* (1943), 113 Ind. App. 65, 46 N. E. (2d) 836.

The courts have differentiated between the doctrine of *assumed* risk and the doctrine of *incurred* risk only to the

extent of holding that the doctrine of *assumed* risk applies only in those instances where there is a contractual relationship between the parties. *Pittsburgh, etc. R. Co.* v. *Hoffman, supra; Pierce* v. *Clemens, supra.*

The doctrine of incurred risk is based upon the proposition that one incurs all the ordinary and usual risks of an act upon which he voluntarily enters, so long as those risks are known and understood by him, or could be readily discernible by a reasonable and prudent man under like or similar circumstances. *The Brazil Block Coal Company* v. *Hoodlet, supra; Ridgeway* v. *Yenny* (1944), 223 Ind. 16, 57 N. E. (2d) 581; *Pierce* v. *Clemens, supra.*

In *Pierce* v. *Clemens, supra,* this court said:

"Where the evidence on the question of assumed or incurred risk presents an issue of fact, that issue is for the jury, *but where there is no real dispute in the evidence bearing on that question, it is for the court to say as a matter of law that the plaintiff assumed or incurred that risk.*" (Emphasis supplied)

The question in the case at bar is what were the ordinary, usual and incidental risks and hazards which appellee incurred when he became a participant in the attempt to start the engine of appellant Stallings' automobile. It is quite apparent that the undertaking by the appellee, from beginning to end, was fraught with risk. The ordinary, usual and incidental risks inherent in attempting to start the engine of said automobile in the manner as disclosed by the evidence, included slipping and falling at the time of initial movement; slipping and falling during the course of the movement should the vehicles separate before starting the engine of the pushed automobile; slipping and falling during an effort to make recontact between the bumpers after the vehicles separated before the engine of the automobile started; slipping and

falling during the course of the movement should either vehicle be turned from a straight course; slipping and falling as a result of the engine of the automobile starting with the accompanying forward movement of the automobile; slipping and falling as a result of the jarring of the vehicles; and slipping and falling after the engine of the automobile started but when the same was being stopped to permit appellee to alight.

The material facts as disclosed by the evidence with reference to appellee voluntarily assuming a precarious position between appellants' moving vehicles, without an object to hold onto for support, for the purpose of rendering voluntary assistance to appellant Stallings in the starting of the engine of his automobile, are clear and undisputed.

Unquestionably, appellee voluntarily incurred the obvious risk of falling from the bumper while the vehicles were in motion and becoming injured thereby. Unquestionably, appellee voluntarily incurred the risk of being jarred from his dangerously balanced position when the vehicles ultimately separated as he knew they must. The very purpose of appellee's act was to assist in starting the pushed vehicle. If that purpose was accomplished, a jar to appellee's balance would necessarily be incident thereto, especially when in the usual manner of starting an automobile by pushing, the vehicle was put into gear. If the enterprise failed, a jar to the appellee's balance would also naturally follow when appellant Evans' truck ceased to push the Stallings' automobile, and when Stallings ultimately brought his automobile to a stop by application of his brakes. It is apparent that these were the obvious risks known and understood by the appellee; and were the risks natural and inherent in appellee's position that would readily have been discernible by a reasonable and prudent person under like or similar circumstances. It is also apparent that appellee's injuries directly and proximately resulted from these incurred risks, and that appellee voluntarily continued to hazard his bumper position between the moving

vehicles when he, at will, could have signalled to appellants to stop so that he could step down in safety.

The Supreme Court of Pennsylvania in a case in which the facts were almost identical to the case at bar found that the plaintiff had assumed the risk resulting in his injury. *Hall* v. *Ziegler, et al.* (1949), 361 Pa. 228, 64 A. (2d) 767.

In the *Ziegler* case, the plaintiff and several others agreed to assist Ziegler, and co-defendant Bowen, in starting the engine of the latter's vehicle. Their efforts to start the engine of the vehicle by manually pushing the vehicle having failed, Ziegler, upon Bowen's request, agreed to use his automobile to push the Bowen vehicle. Because Ziegler's bumper was higher than Bowen's, Ziegler, in Bowen's presence, requested the plaintiff to stand on the front bumper to depress the same; and the plaintiff assented and voluntarily assumed a position on Ziegler's automobile. The plaintiff assumed a standing position on the left side of the front bumper facing the rear, with his hands on the hood and right fender of Ziegler's automobile. Plaintiff maintained his position between the Ziegler and Bowen automobiles until the engine of the Bowen automobile started, after having been pushed some thirty to forty feet. As the Bowen automobile began moving under its own power, the plaintiff signalled Ziegler to stop. The Ziegler automobile came to a sudden stop, causing the plaintiff to be thrown to the pavement. The court in holding that the plaintiff had assumed the risk of falling from the bumper stated:

"That Ziegler's stop was not unexpected will admit to no argument. . . . Nor was it so violent or unusual that it could not have been guarded against. . . . When plaintiff got on Ziegler's bumper he could have assumed a position of safety. . . . Instead, according to his own testimony, he chose to adopt a position which made it impossible to hold onto anything. . . . *Where a person chooses a place of danger in place of one of comparative safety, and by reason of his position, is injured, his own act of placing himself in such dangerous position amounts to an assumption of risk and he cannot recover.* . . .

". . . Giving plaintiff the benefit of every doubt, the evidence proves no more than that he assumed an unnecessary risk and that his own conduct was the sole cause of his injury. . . ." (Emphasis supplied)

The reasoning of the court in the Ziegler case is in harmony with Indiana decisions. Certainly, under the applicable law and undisputed evidence, appellee incurred the risk of injury as a matter of law.

It is our opinion that taking the facts most favorable to appellee, together with all reasonable and logical inferences that may be attributed thereto, as true, the only reasonable inferences which can be drawn therefrom are that, as a matter of law, the appellee was *guilty of contributory negligence* which was a proximate cause of his injury; and that he *incurred the risk* of such injury.

The appellants next urge that the trial court erred in failing to withdraw from the consideration of the jury the allegations of negligence contained in rhetorical paragraphs 6(a), 6(b), 6(c), and 6(e) of appellee's amended complaint.

The theory of appellee's amended complaint is that the appellants and the appellee were engaged in a joint enterprise at the time of the accident in question. Thus, one individual appellant could be held responsible for the alleged negligence of the other.

The appellants answer the appellee by contending that the record reveals that appellants were not engaged in a joint enterprise at the time of the accident. Therefore, one individual appellant could not be made responsible for the negligent acts of the other appellant.

The appellants specifically urge that:

(a)  the issues of negligence contained in rhetorical paragraph 6(b) of appellee's amended complaint should not have been submitted to the jury with respect to the appellant John Stallings for the reason that he cannot be held liable for the speed at which appellant Evans pushed Stallings' automobile;

(b)  the issue of negligence contained in rhetorical paragraph 6(e) of appellee's amended complaint should not have been submitted to the jury with respect to the appellant Gerald Evans because he cannot be held liable for the manner in which appellant Stallings engaged the gears of the automobile he was operating; and

(c)  the issues of negligence contained in rhetorical paragraphs 6(a), 6(b), 6(c) and 6(e) should not have been submitted to the jury because there was no causal relationship between the alleged acts of negligence and the injury sustained by the appellee.

It is undisputed that the appellee, in his amended complaint, proceeded on the theory that the appellants and the appellee, at the time of the accident in question, were engaged in a joint enterprise. Rhetorical paragraph 3 of the amended complaint reads as follows:

"By an arrangement or an agreement between said defendants, the exact nature of which is to the plaintiff unknown, but to the defendants well known, *the said defendants jointly agreed and undertook* to push the stalled car of the defendant Stallings with the said truck from the parked position on the street in front of the said Eagles Home. At said time and place the Stallings car was being guided by the defendant Stallings and was being pushed from the rear by the said truck then and there operated by said Evans." (Emphasis supplied)

Specifically the appellee charged in his amended complaint that the appellants were jointly guilty of five combined acts of negligence in pushing, steering and propelling the appellant Stallings automobile: (1) over a rough, uneven and pitted street; (2) over a rough, uneven and pitted street at a speed greater than reasonable and prudent, i.e., 20 to 25 miles per hour; (3) with the appellee in a position of peril on the rear of Stallings' automobile; (4) while the automobile was in an unsafe mechanical condition so as to be dangerous; and (5) suddenly and without warning throwing the Stallings automobile into gear. Appellee further charged in said

amended complaint that as a result of appellants' negligence he ". . . was thrown from said Stallings car onto the street and was run over by *said truck so jointly operated by said defendants as aforesaid."* (Emphasis supplied).

It is apparent from an examination of the record that the undisputed evidence established the fact that from the commencement of the undertaking until its conclusion the assistance of all participants was essential to the pushing of Stallings' automobile. Appellee joined in the undertaking before the appellant Evans was brought on the scene by first attempting to start the engine of Stallings' automobile without moving it. Thereafter the appellee assisted in pushing the automobile from the curb to the traveled portion of the street so that appellant Evans would be in a position to push the automobile with Evans' truck. Appellee assisted in disengaging the bumpers of the two vehicles when they became locked. And most important, appellee applied his weight in order to depress the bumpers so that the automobile of Stallings could be pushed. It cannot be gainsaid, but for the assistance of appellee, Stallings' automobile could never have been pushed. However, it is our opinion that these facts did not and do not give rise to the legal relationship of a joint enterprise, either between the appellants or all of the participants to the undertaking. This Court in the case of *Oppenheimer* v. *Craft* (1961), 132 Ind. App. 452, 466, 175 N. E. (2d) 715, 722, (transfer denied) defined a joint enterprise as follows:

"To establish a joint enterprise, *an essential element is the existence of joint control over the management and operation of the vehicle and over the course and conduct of the trip.* There must be a *community of interest* in the object and purpose of the undertaking and an *equal right to direct and govern the movements and conduct of each other in respect thereto. As between the parties, there must be a contract, either express or implied, to that effect. . . ."* (Emphasis supplied). *See also: Spencer* v. *Pettibone* (1947), 117 Ind. App. 426, 70 N. E. (2d) 439; *Lee Brothers* v. *Jones* (1944), 114 Ind. App. 688, 54 N. E. (2d) 108; *Hogle* v. *Reliance Manufacturing Company*

(1943), 113 Ind. App. 488, 48 N. E. (2d) 75; *Jones* v. *Kasper* (1941), 109 Ind. App. 465, 33 N. E. (2d) 816.

Clearly, in the light of the above cited authorities, the activities of the several participants to attempt to start the engine of Stallings' automobile did not create the relationship of a joint enterprise. Certainly no contract, express or implied, can be inferred merely from the joint effort to start the engine of the automobile. The record is entirely devoid of any evidence from which can be inferred that the appellee, or the appellant Evans, received or expected to receive any compensation, reward or other benefit for their assistance. Although the participants were jointly assisting in attempting to start the engine of Stallings' automobile they possessed no community of interest in the object and purpose of the undertaking. The success or failure of the joint effort conferred no benefit or imposed no detriment on appellee or appellant Evans. There is no evidence from which it may be inferred that any one of the participants had or possessed any right to control the acts or conduct of any other participant. It is quite convincingly apparent that the record does not in any respect support the theory of a joint enterprise.

The next question to be determined is whether the court committed reversible error in submitting the issue of speed to the jury.

Rhetorical paragraph 6(b) of appellee's amended complaint alleges the following joint act of negligence:

"6(b)    The defendants pushed, steered and propelled said motor *vehicles* over a rough, uneven and pitted street at a speed greater than necessary, reasonable and prudent under the conditions as aforesaid, to-wit: 20 to 25 miles per hour." (Emphasis supplied)

At the conclusion of all of the evidence, the appellant Stallings sought to have the court withdraw this issue of speed from the consideration of the jury, and tendered his written

instruction No. B-2, which the court refused to give. The jury was thereafter instructed concerning the alleged negligence of the appellant Stallings in operating his automobile at a speed greater than reasonable, necessary and prudent.

The facts are clear that the appellant Stallings merely guided and attempted to start the engine of his automobile during the pushing operation and that the motive power was supplied solely by appellant Evans. Factually, the appellant Stallings had absolutely nothing whatever to do with the speed at which the appellant Evans moved his vehicle for the reason, as we have stated herein, that Stallings and Evans were not engaged in a joint enterprise; and therefore the appellant Stallings cannot be held responsible for the speed at which his automobile was being pushed by appellant Evans. The evidence and the legal inferences and conclusions to be drawn therefrom appear to be conclusive that at the time of the accident in question the appellant Stallings had no control of, or the right to control the manner in which appellant Evans operated his truck. The instruction given by the court on speed to the jury was submitted under a theory that subjected one appellant to liability for the independent negligence of the other.

Since appellant Stallings, under the evidence, cannot be held responsible for the independent negligence of appellant Evans in operating his truck and pushing appellant Stallings' automobile at too fast a rate of speed, it is our opinion that the trial court committed reversible error in refusing to withdraw the issue of speed from the consideration of the jury in so far as it related to the appellant Stallings. *Northern Ind. Transit Inc.* v. *Burk* (1950), 228 Ind. 162, 89 N. E. (2d) 905; *Craig, Exrx.* v. *Citizens Trust Company* (1940), 217 Ind. 434, 26 N. E. (2d) 1006.

The appellants next contend that it was error for the trial court to submit the issue of appellant Evans' alleged negligence to the jury in respect to engaging the gears of Stallings' automobile.

In rhetorical paragraph 6(e) of appellee's amended complaint it was charged:

"6(e) Defendants carelessly and negligently pushed said Stallings automobile with the gears disengaged until it reached a speed of 20 to 25 miles per hour, as aforesaid, and suddenly and without warning, said *defendants* threw said automobile into gear causing a sudden violent jolting and lurching of said automobile." (Emphasis supplied)

Appellant Evans, at the conclusion of all the evidence, requested the court to withdraw this issue from the consideration of the jury; and tendered his instruction No. 5, which the court refused to give. The jury was thereafter instructed that appellant Evans is to be held responsible for the alleged negligence of Stallings in engaging the gears of his automobile while the vehicles were in motion.

There is absolutely no evidence that appellant Evans engaged or disengaged the gears of the Stallings automobile at any time before the occurrence of the accident in question. It is obviously clear that Evans can only be held responsible for the manipulation of the gears on Stallings' automobile under appellee's alleged theory of joint enterprise. As we have heretofore held, the participants to the moving of these vehicles were not engaged in a joint enterprise. Thus, the alleged negligence of Stallings in engaging the gears of his automobile could not be imputed to Evans. We now hold that it was reversible error for the trial court to submit to the jury for factual determination the case of Evans' equal responsibility with Stallings in engaging the gears of the Stallings automobile.

In our opinion the giving of the various instructions concerning alleged acts of negligence, assuming that the appellants and the appellee were engaged in a joint enterprise, was not only erroneous but was prejudicial to the rights of the appellants.

In the case of *Nepsha* v. *Wozniak* (1950), 120 Ind. App.

362, 366, 92 N. E. (2d) 734, the court said that in considering the effect of an erroneous instruction, the court is required to assume that the error influenced the result, unless it appears from interrogatories, the evidence, or some other part of the record, that the verdict under proper instruction could not have been different. In the case at bar there is no showing by the evidence or any part of the record that the verdict would have been the same under proper instructions, and that such erroneous instructions were harmful to the appellants and constituted reversible error.

The appellants further contend that the trial court erred in giving appellee's Instruction No. 2 which reads as follows:

"You are instructed that the doctrine of 'last clear chance' is that negligence of the plaintiff does not prevent a recovery for the negligence of the defendant where it appears that the defendant by exercising reasonable care, might have avoided injuring the plaintiff notwithstanding the plaintiff's negligence.

"The doctrine of 'last clear chance' does permit a recovery notwithstanding a want of due care on the part of the plaintiff in cases where the facts are such that it may be said that the plaintiff's want of due care was not the proximate cause of the injury and that the defendant, in the exercise of due care, might have avoided the injury, and that defendant's failure to exercise due care, therefore is the proximate cause of the injury in question.

"The doctrine of last clear chance, as above stated, is the law in Indiana.

"So in this case even if you should find from a fair preponderance of the evidence that the plaintiff at the time and place of his injury may have been negligent, such fact alone would not be a defense sufficient to defeat plaintiff's recovery. And if you should further find from a fair preponderance of the evidence that the defendants were negligent in one of the respects alleged in the amended Complaint, and that such negligent acts, if any, were the sole proximate cause of plaintiff's injury, then under such circumstances, your verdict should be for the plaintiff, Joseph Dick, Jr."

The specific objection of the appellants is that the trial court erred in giving to the jury appellee's Instruction No.

2, because it was a mandatory instruction which incorrectly stated the law of "last clear chance" by omitting the elements of a *known peril*, the *opportunity of appellant to avoid the injury* and the *appellee's ability to extricate himself from his peril*, which are necessary elements of the "last clear chance" doctrine.

Appellants further urge that this mandatory instruction also failed to instruct the jury that appellee could not recover if he had incurred the risk of injury; and that the instruction attempted to direct a verdict for the plaintiff without instructing the jury as to how the jury should determine whether the verdict should be against one appellant or against both appellants.

It seems quite obvious that this mandatory instruction does not contain all the necessary elements of the "last clear chance" doctrine. It merely states in effect that the negligence of the appellee does not prevent a recovery, if appellants by exercising reasonable care might have avoided injuring the appellee. The instruction then states that the doctrine of "last clear chance" as stated above is the law in Indiana.

The last clear chance doctrine in Indiana contemplates a peril on the part of the plaintiff which is *known* by the defendant or defendants in time to avoid the injury. *Heldt* v. *Thompson* (1927), 86 Ind. App. 270, 271, 157 N. E. 60; *Button* v. *Pennsylvania R. Co.* (1944), 115 Ind. App. 210, 219, 57 N. E. (2d) 444; *Snyder* v. *N. Y. Cent. R. R. Co.* (1936), 101 Ind. App. 258, 269, 194 N. E. 796.

In *Heldt* v. *Thompson, supra,* an instruction as to the doctrine of last clear chance was given, whereby the court told the jury that:

"Even if they should find at and immediately prior to the time of collision, the plaintiff was negligently operating his car at an unlawful rate of speed, said negligence would not prevent a recovery, if they further found that defendant knew of plaintiff's negligence, or could have known of it by

the exercise of ordinary care, and could have avoided the collision by exercise of ordinary care."

The court then stated:

". . . This is not a correct statement of the law. The last clear chance contemplates a known peril which can be avoided by due care, not a peril which might have been known by the exercise of due care. In other words, it is the negligent failure to avoid *discovered peril* that makes applicable the rule of last clear chance." (Emphasis supplied)

The court then held that the instruction was erroneous and prejudicial and reversed the judgment of the trial court.

In *Button* v. *Pennsylvania R. Co., supra,* this court held:

". . . The practical import of the doctrine of last clear chance is that a negligent defendant is held liable to a negligent plaintiff, if the defendant, aware of the plaintiff's peril, had in fact a later opportunity than the plaintiff to avoid the injury.

". . . It is obvious that the doctrine of last clear chance has no place in a controversy in which (1) the plaintiff was not negligent, and (2) the defendant had no actual knowledge of the plaintiff's peril."

The doctrine of last clear chance is discussed fully and completely in 21 I. L. E., *Negligence,* Sec. 92, 351, 352. This section of I. L. E. states as follows:

"For the doctrine of last clear chance to be applied it is essential that the defendant should have had knowledge of plaintiff's peril and the ability and opportunity to avert the injury. The doctrine of last clear chance affects the cases in which the injured person is guilty of negligence and has no place in a controversy in which plaintiff was not negligent. It applies where plaintiff negligently puts himself in a place of danger from which he cannot extricate himself after he becomes aware of the danger, or where he could have extricated himself had he known of the danger, but failed to do so because he was unconscious of the peril.

"In order to invoke the application of the last clear chance doctrine, defendant must *have had knowledge* of plaintiff's danger or situation of peril and of the helpless condition of

plaintiff and thereafter have failed to exercise reasonable care to avoid harming him. The knowledge of plaintiff's peril or danger, which will bring a case within the doctrine, . . . must be *actual knowledge*, and the mere fact that by the use of ordinary care and diligence the peril might have been known to the person who inflicted the injury does not bring a case within the doctrine." (Emphasis supplied)

It is apparent that the giving of this instruction permitted the appellee to recover, although he may not have been able to extricate himself from the position of danger, to which he had negligently exposed himself, by the exercise of ordinary care after appellant had discovered his perilous situation, but negligently failed to do so.

This being a mandatory instruction it will be deemed erroneous, as it fails to include an enumeration of one or more facts or elements that are essential for the plaintiff to recover. *Snow* v. *Sutton* (1961), 241 Ind. 364, 368, 170 N. E. (2d) 816.

In the cases above cited herein, it is our opinion that a mandatory instruction on the doctrine of last clear chance must instruct the jury that the plaintiff must be in a position of peril; that defendants must have actual knowledge of plaintiff's peril; that defendants must have a later opportunity than the plaintiff to avoid the injury; and that the plaintiff must, if possible, extricate himself from his position of peril. Appellee's Instruction No. 2 does not contain any of these essential elements of the last clear chance doctrine and is therefore erroneous and prejudicial to the rights of the appellant.

Appellant Evans filed a motion to dismiss his appeal. Appellant Stallings filed objections to the motion for dismissal and a request for full disclosure. This Court, speaking through its Chief Justice, held in abeyance the ruling on the dismissal motion until the case was finally disposed of on its merits. This Court now overrules the motion of Appellant Evans for dismissal of his appeal.

Other errors were assigned by the appellants. However, we will not belabor this opinion by a discussion and ruling on said errors for the reason that a discussion and ruling on said errors are not necessary for a disposition of this appeal.

For the reason set out herein it is our opinion that the finding and judgment of the court below is contrary to law; and said judgment is hereby reversed with instructions to the court below to grant the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Judgment reversed.

Bierly, C. J., and Hunter, J., concur. Mote, J., dissents without opinion.

NOTE.—Reported in 210 N. E. 2d 82.