ATTORNEYS FOR APPELLANT
Kenneth J. Allen
Michael T. Terwilliger
William James Lazarus
Kenneth J. Allen & Associates, P.C.
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE
Michael D. Sears
Maryann Kusiak McCauley
Jill M. Grecco
Singleton, Crist, Austgen & Sears, LLP
Munster, Indiana

# In the
# Indiana Supreme Court

No. 45S03-0506-CV-262

HOWARD AND MERRY FUNSTON,      *Appellants (Plaintiffs below),*

v.

SCHOOL TOWN OF MUNSTER,      *Appellees (Defendant below).*

CONTINENTAL LEISURE SALES, INC. F/K/A, SEAVEY CORPORATION, INC., and
AAU/MUNSTER BASKETBALL CLUB,      *(Defendants below).*[1]

Appeal from the Lake Superior Court, No. 45D11-0103-CT-119
The Honorable Jeffery J. Dywan, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 45A03-0402-CV-63

**June 28, 2006**

**Dickson, Justice.**

Contributory negligence is generally a question of fact requiring trial by jury or court, but summary judgment may be proper where the undisputed facts and resulting inferences establish that the defendant is entitled to judgment as a matter of law. This is such a case. We affirm the trial court's grant of summary judgment.

---

[1] Defendants Continental Leisure Sales, Inc. and AAU/Munster Basketball Club are not seeking relief on appeal and have not filed a brief as appellant or appellee. Pursuant to Indiana Appellate Rule 17(A), however, a party of record in the trial court is a party on appeal.

Howard Funston was injured when he fell from a set of bleachers while watching his son participate in an Amateur Athletic Union (AAU) basketball game at the Munster High School gymnasium. Mr. Funston and his wife, the plaintiffs-appellants, thereafter commenced this action against the School Town of Munster ("the school"), Continental Leisure Sales, Inc. f/k/a Seavey Corp., AAU/Munster Basketball Club, and another defendant that has since been dismissed.

Under an agreement with the AAU, Munster High School provided six identical five-row portable aluminum bleacher sets. Each set of bleachers had no back support for the top row of seating, and none of the sets were pushed against a wall. For two games, Mr. Funston sat on the lower seats of two of the six separate but identical sets of bleachers, leaning back on the higher rows of the bleachers for support. During the third game of the day, he sat on the top row of a third set of identical bleachers. In an effort to get comfortable, Mr. Funston crossed his legs and leaned back, falling backwards off the bleachers and sustaining injuries.

The school filed a motion for summary judgment, asserting that Mr. Funston was contributorily negligent as a matter of law. The trial court agreed and granted the school's motion. The Court of Appeals reversed. Funston v. Sch. Town of Munster, 822 N.E.2d 985 (Ind. Ct. App. 2004). We granted transfer.

Summary judgment is proper "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Trial Rule 56(C); *see also* Rhodes v. Wright, 805 N.E.2d 382, 385 (Ind. 2004); Butler v. City of Peru, 733 N.E.2d 912, 915 (Ind. 2000). All facts and reasonable inferences are construed in favor of the non-moving party. Catt v. Bd. of Comm'rs, 779 N.E.2d 1, 3 (Ind. 2002).

The plaintiffs' claims against the school, a governmental entity, are unlike most Indiana actions for negligence, where a plaintiff's contributory fault does not bar recovery unless it exceeds fifty percent of the total fault proximately contributing to the damages and otherwise oper-

2

ates only to reduce a plaintiff's damages in proportion to fault. Ind. § 34-51-2-5, -6. But the Indiana Comparative Fault Act expressly excludes application to governmental entities, Ind. Code § 34-51-2-2, and thus the common law defense of contributory negligence remains applicable for governmental defendants, such as the school in this case. Therefore, even a slight degree of negligence on the part of Mr. Funston, if proximately contributing to his claimed damages, will operate as a total bar to the Funstons' action for damages against the school,[2] even though, as against the other non-governmental defendants, any fault of Mr. Funston would only operate to reduce the damages he might obtain.

In their appeal from the grant of summary judgment, the Funstons argue that the school failed to establish: (1) that Mr. Funston was contributorily negligent as a matter of law, and (2) that any contributory negligence was a proximate cause of his injuries.

A plaintiff is contributorily negligent when the plaintiff's conduct "falls below the standard to which he should conform for his own protection and safety. Lack of reasonable care that an ordinary person would exercise in like or similar circumstances is the factor upon which the presence or absence of negligence depends." Jones v. Gleim, 468 N.E.2d 205, 207 (Ind. 1984); *see also* Hundt v. La Crosse Grain Co., 446 N.E.2d 327, 329 (Ind. 1983). Expressed another way, "[c]ontributory negligence is the failure of a person to exercise for his own safety that degree of care and caution which an ordinary, reasonable, and prudent person in a similar situation would exercise." Brown v. N. Ind. Publ. Serv. Co., 496 N.E.2d 794, 798 (Ind. Ct. App. 1986).

Contributory negligence is generally a question of fact and is not an appropriate matter for summary judgment "if there are conflicting factual inferences." Butler, 733 N.E.2d at 917. "However, where the facts are undisputed and only a single inference can reasonably be drawn therefrom, the question of contributory negligence becomes one of law." Jones, 468 N.E.2d at 207 (Ind. 1984). The application of these principles has long been expressed as follows:

---

[2] Under the common law defense of contributory negligence, a plaintiff may not recover if guilty of any negligence, no matter how slight, that proximately contributes to the claimed injury. Bain, Adm'x v. Mattmiller, 213 Ind. 549, 556, 13 N.E.2d 712, 715 (1938).

> The prevailing Indiana rule is that contributory negligence is generally a question of fact for the jury to determine where the facts are such as to be subject to more than one reasonable inference. However, where the facts are undisputed and only a single inference can reasonably be drawn therefrom, the question of contributory negligence becomes one of law.

Stallings v. Dick, 139 Ind. App. 118, 124-25, 210 N.E.2d 82, 86 (1965) (citing Pittsburgh, etc., R. R. Co. v. Spencer, 98 Ind. 186 (1884); Jenney Elec. Mfg. Co. v. Flannery, 53 Ind. App. 397, 98 N.E. 424 (1913)).

The undisputed facts are that Mr. Funston fell when he leaned backwards while sitting on the top row of a set of bleachers. He had been at the gym for about four hours, watching two basketball games that morning while sitting on lower rows on other sets of identical bleachers. For the third game, he moved to the top row of one of the bleachers. It was clearly visible that there was no back railing for spectators sitting on the top row, but Mr. Funston leaned back anyway. He explained in his deposition:

> Logically, I would think there would be a back there. I had sat on the other bleachers and I didn't sit at the top and I had leaned back in several of those bleachers on the next step. . . . I thought there was something back there, . . . I'm not sure what I thought was back there at the time.

Appellant's App'x. 256.

Citing Brown, 496 N.E.2d at 798, the Funstons contend in part that "judgment as a matter of law on the issue of contributory negligence is only appropriate when a plaintiff's 'knowledge and appreciation of the dangers, inherent in his enterprise and of the defendant's creation, surpassed or equaled that of the defendant.'" Br. of Appellants at 8. This argument misapplies Brown. A plaintiff's equal or superior knowledge is not a qualification limiting the common law principle of contributory negligence. It is not a general prerequisite to contributory negligence that a plaintiff's knowledge and appreciation of the inherent dangers surpassed or equaled that of the defendant. Rather, the existence of such a circumstance will support a finding of contributory negligence as a matter of law. *See, e.g.*, Brown, 496 N.E.2d at 798 (a plaintiff with superior knowledge and appreciation of the dangers "is contributorily negligent as a matter of law"); Hedgecock v. Orlosky, 220 Ind. 390, 395, 44 N.E.2d 93, 95-96 (1942) (no liability may result when a plaintiff has superior or equal knowledge of the danger); Meadowlark Farms, Inc. v.

4

Warken, 176 Ind. App. 437, 448, 376 N.E.2d 122, 131, (1978) ("[A] plaintiff is contributorily negligent as a matter of law if his knowledge and appreciation of the dangers . . . surpassed or equaled that of the defendant."); Stallings, 139 Ind. App. at 128, 210 N.E.2d at 87-88 (parties' identical knowledge of the dangers compels finding contributory negligence as matter of law).

Thus, if it were undisputed that Mr. Funston's knowledge of the danger was equal or superior to that of the school, this circumstance could compel a finding of contributory negligence as a matter of law. On the other hand, even if we assume for purposes of argument the plaintiffs' assertion that there is a genuine issue of fact regarding whether Mr. Funston's knowledge and appreciation of the danger was equal or superior to that of the school's, this does not preclude a determination that Mr. Funston was contributorily negligent as a matter of law. We do not, however, resolve this case on the equal-or-superior-knowledge issue.

The plaintiffs primarily argue that a reasonable spectator could be distracted by the game and lean back inadvertently just as Mr. Funston did. They urge that the context of the event makes Mr. Funston's conduct reasonable. It certainly is understandable that Mr. Funston would be distracted as he engaged his attention on his son's basketball game. But being understandable does not equate with being completely free of all negligence. We find from the undisputed facts that only a single inference can reasonably be drawn: Mr. Funston was negligent to some degree, and this is enough to establish the common law defense of contributory negligence as a matter of law.

Even if Mr. Funston was negligent, the plaintiffs alternatively argue that the school failed to establish as a matter of law that any such negligence was a proximate cause of the resulting injuries. An act or omission is said to be a proximate cause of an injury if the resulting injury was foreseen, or reasonably should have been foreseen, as the natural and probable consequence of the act or omission. Rhodes v. Wright, 805 N.E.2d 382, 388 (Ind. 2004); Vernon v. Kroger Co., 712 N.E.2d 976, 981 (Ind. 1999); Havert v. Caldwell, 452 N.E.2d 154, 158 (Ind. 1983). The Funstons argue that there exists a genuine issue of fact regarding whether the sole proximate cause of Mr. Funston's injuries was the school's failure to follow the code and protect against falls from the top of its bleachers. They essentially assert that the facts may be interpreted to

5

show that the school's negligence, not Mr. Funston's, was the only proximate cause. We disagree.

There can be multiple proximate causes of a resulting event. The defense of proximate cause requires only that a plaintiff's negligence be "a" proximate cause, that is, one of the proximate causes. It is an undisputed fact that Mr. Funston leaned backwards before ascertaining whether there was something to lean on, a fact easily visible and one that he had ample opportunity to observe. We find that falling backwards and suffering injuries reasonably should have been foreseen as a natural and probable consequence of such acts and omissions, and thus conclude that Mr. Funston's negligence proximately contributed to his injuries as a matter of law. Upon these facts there is no genuine issue.

Finding that the undisputed evidence establishes as a matter of law that Mr. Funston was negligent and that such negligence was a proximate cause of the claimed injuries, we conclude that the trial court was correct to apply the defense of contributory negligence and to grant the school's motion for summary judgment. Judgment affirmed.

Shepard, C.J., and Sullivan and Boehm, JJ., concur. Rucker, J., dissents with separate opinion.

**Rucker, Justice, dissenting.**

I respectfully dissent.  I agree with the majority that "[u]nder the common law defense of contributory negligence, a plaintiff may not recover if guilty of any negligence, no matter how slight, that proximately contributes to the claimed injury."  Slip op. at 3 n.2 (citing Bain, Admx. v. Mattmiller, 213 Ind. 549, 13 N.E.2d 712, 715 (1938)).  I also agree that "[c]ontributory negligence is generally a question of fact and is not an appropriate matter for summary judgment 'if there are conflicting factual inferences.'"  Slip op. at 3 (citing Butler v. City of Peru, 733 N.E.2d 912, 917 (Ind. 2000)).  Indeed only where there are no conflicting factual inferences does the issue of contributory negligence become a question of law.  Jones v. Gleim, 468 N.E.2d 205, 207 (Ind. 1984).

Finding that under the facts of this case there is but one factual inference to be reached—namely, that Mr. Funston "was negligent to some degree"—the majority deems summary judgment appropriate.  Slip op. at 5.  I disagree.  Summary judgment is *rarely* appropriate in negligence actions.  Rhodes v. Wright, 805 N.E.2d 382, 387 (Ind. 2004).  This is because "negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a jury after hearing all of the evidence."  Id. at 387.  To declare as an indisputable factual inference that "Mr. Funston was negligent to some degree" without submitting the issue of negligence to a jury deprives Mr. Funston of the opportunity to demonstrate that he was not, in fact, a proximate cause of his injuries.  See id. at 388 ("[P]roximate cause is primarily a question of fact to be determined by the jury.") (citation omitted).

I cannot say as a matter of law that the facts as we know them lead to but one inference.  Although my research has revealed no factually similar cases from this Court, we have historically limited common law contributory negligence to instances where a plaintiff very clearly neglected to exercise "reasonable care that an ordinary person would exercise in like or similar circumstances."  Jones, 468 N.E.2d at 207.  See, e.g., id. (plaintiff, who was deaf in one ear and wearing dark clothing and wet glasses, crossed a road mid-block on a rainy, foggy night without watching for oncoming traffic); Hundt v. La Crosse Grain Co., Inc., 446 N.E.2d 327

(Ind. 1983) (plaintiff stepped through a doorway leading to downward steps without looking forward, aware that the basement door opened inward while the bathroom door opened outward); Devine v. Grace Const. & Supply Co., 243 Ind. 98, 181 N.E.2d 862 (1962) (plaintiff swerved around three or more blockades and drove 50-55 miles per hour in a 15 mile per hour road construction zone); New York Cent. R. Co. v. Glad, 242 Ind. 450, 179 N.E.2d 571 (1962) (truck driver drove onto train tracks in contravention of the law by not stopping at a mandated point and looking for oncoming trains). This case is different. We know that Mr. Funston was watching a basketball game while sitting atop the uppermost row of bleachers. We further know that he crossed his legs and adjusted in his seat, whereupon he fell backward off the bleachers. What is not clear from these facts is whether a reasonable person would have exercised greater care than that shown by Mr. Funston. Because there is more than one factual inference to be drawn from the facts before us, this case is inappropriate for summary disposition. I would therefore reverse the judgment of the trial court.