NAJAM, Judge,
dissenting.
I respectfully dissent. I agree with the trial court and would hold that Whitmore was contributorily negligent as a matter of law. In Funston v. School Town of Munster, 849 N.E.2d 595 (Ind.2006), the plaintiff was injured when he leaned backwards and fell from the top row of a set of bleachers while watching a basketball game in a high school gymnasium. Our supreme court noted that “even a slight degree of negligence ... will operate as a total bar” to a plaintiffs action or damages against a governmental defendant. Id. at 598. The plaintiff sued the school, a governmental entity. And our supreme court agreed with the trial court that the plaintiff was contributorily negligent “to some degree” as a matter of law, barring his claims against the school. Id. at 600. The court rejected the plaintiffs argument that “a reasonable spectator could be distracted by the game and lean back inadvertently just as Mr. Funston did.” Id. The court observed that, while “[i]t certainly is understandable that Mr. Funston would be distracted as he engaged his attention on his son’s basketball game[,] ... being understandable does not equate with being *999 completely free of all negligence.” Id. And the court found from the undisputed facts that “only a single inference can reasonably be drawn: Mr. Funston was negligent to some degree, and this is enough to establish the common law defense of contributory negligence as a matter of law.” Id.
The court’s reasoning in Funston dictates that Whitmore was contributorily negligent here. The undisputed designated evidence shows that Whitmore knowingly sat down next to a man whom he perceived to be a bully and taunted him after the man had warned Whitmore that he was “ * * * *ing with the wrong one.” Following Funston, that evidence proves, as a matter of law, that Whitmore was “negligent to some degree.” See id. The majority mischaracterizes Whitmore’s duty of reasonable care under the circumstances. While he was not the first aggressor, he had a duty to act reasonably in light of what he recognized was a tense situation. I would not hold that Whitmore had a duty to “meekly walk away” but that he had a duty to take reasonable care to avoid further aggravating a bully. The designated evidence shows that Whitmore breached that duty when he countered the man’s threatening remark with his own bravado.
Next, a negligent act or omission is the proximate cause of injury if the injury is a natural and probable consequence which, in light of the circumstances, should reasonably have been foreseen or anticipated. Peavler v. Bd. of Comm’rs of Monroe Cnty., 557 N.E.2d 1077, 1080 (Ind.Ct.App.1990). However, ‘ “[floreseeability does not mean that the precise sequence of events or exact consequences which were encountered should have been anticipated. Rather the question is whether the [actor] should have foreseen in the abstract, in a general way, the injurious consequences of [his] act.” ’ Id. (quoting Hobby Shops, Inc. v. Drudy, 161 Ind.App. 699, 317 N.E.2d 473, 478 (1974)). And as our supreme court stated in Funston, there can be multiple proximate causes of a resulting event. 849 N.E.2d at 600. Proof of proximate cause requires only that a plaintiffs negligence be “a” proximate cause, that is, one of the proximate causes. Id.
Here, again, Whitmore had assessed the situation before he sat down on the bus and had perceived his assailant to be a “tough guy” and a “bully.” Yet Whitmore chose to sit down next to him and, after the man had conveyed a clear threat to Whitmore, Whitmore told the man that he was “not scared” of him. Appellant’s App. at 81. While Whitmore did not throw the first punch, he was pugnacious, and his verbal taunt led directly to the fight that ensued. Whitmore’s provocation easily meets the “slight degree of negligence” test followed in Funston, 849 N.E.2d at 598. Thus, I would hold that Whitmore reasonably should have foreseen that his taunt directed at the already agitated man on the bus was an invitation and precursor to the physical altercation that ensued as a natural and probable consequence of his own behavior.
To be sure, had Whitmore sued a private entity, the question of his contributory negligence would be an obvious question of fact precluding summary judgment. But Whitmore is suing a governmental entity. Our supreme court in Funston held that a plaintiffs conduct need only demonstrate “some degree” of negligence to bar his claim against a governmental entity, and we are bound to follow that clear precedent. See 849 N.E.2d at 600. Again, in Funston the court held that leaning backwards from a set of bleachers and falling down is enough to bar a suit against the government on grounds of contributory negligence. Id. If that is so, then there *1000 is no doubt that Whitmore’s claim is likewise barred.