## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 14 2016, 5:54 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

David R. Neal
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEES

Gregory F. Zoeller
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David R. Neal,

*Appellant-Plaintiff,*

v.

Mark Sevier and the Indiana
Department of Correction,

*Appellees-Defendants*

January 14, 2016

Court of Appeals Case No.
52A02-1410-SC-735

Appeal from the Miami Superior
Court 1

The Honorable J. David Grund,
Judge

Trial Court Cause No.
52D01-1312-SC-1215

**Bailey, Judge.**

# Case Summary

Pro se Appellant-Plaintiff David R. Neal ("Neal") appeals a judgment entered in favor of Appellee-Defendant Indiana Department of Correction ("the DOC") upon Neal's negligence claim.[1] He presents a single consolidated and restated issue: whether the small claims judgment is clearly erroneous. We affirm.

# Facts and Procedural History

On June 13, 2013, Neal was a DOC inmate assigned to the Miami Correctional Facility. He slipped and fell in a puddle of water on the cafeteria floor, sustaining injuries that required pain medication and physical therapy.

On December 9, 2013, Neal filed a small claims complaint, asserting that the DOC and the Miami Correctional Facility Superintendent, Mark Sevier, had negligently caused him injury by failing to contain water from a leaky roof. Neal requested a hearing but, lacking authority for a transport order, the trial court ordered the submission of the matter by affidavit.[2]

---

[1] He does not challenge the judgment in favor of defendant Mark Sevier, having conceded that Mark Sevier is not subject to personal liability, pursuant to Indiana Code Section 34-13-3-5.

[2] Generally, a court lacks jurisdiction over a prisoner who has been convicted, sentenced and delivered to prison pursuant to a commitment, and does not have a right to order the prisoner's return to court even temporarily except in connection with matters relating to the case in which he was sentenced. *Rogers v. Youngblood*, 226 Ind. 165, 169, 78 N.E.2d 663, 665 (1948). However, a prisoner has a constitutional right to bring a civil action, pursuant to Article 1, § 12 of the Indiana Constitution: "[a]ll courts shall be open; and every person, for injury done to him in his person, property or reputation, shall have remedy by due course of law."

Implicit in the right to bring a civil claim is the right to present the claim in court and a "trial court should not be able to deprive a prisoner of his constitutional right to maintain a civil action by denying motions that the

[4] After reviewing the affidavits and documents submitted by the parties, the small claims court entered judgment for the defendants. The order stated, without elaboration, that Neal had failed to meet his burden of proof. Additionally, the court made a finding of fact that Neal had been contributorily negligent. This appeal ensued.

## Discussion and Decision

[5] Indiana Small Claims Rule 8(A) provides:

> The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise.

[6] Accordingly, appellate review of a small claims decision is particularly deferential. *Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008). We review factual determinations for clear error and review questions of law de novo. *Id.* In conducting a review for clear error, we do not reweigh the evidence nor determine the credibility of witnesses. *Austin v. State*, 997 N.E.2d 1027, 1040

---

court can properly deny while concurrently ignoring the prisoner's requests for other methods that would allow the prisoner to prosecute from prison." *Zimmerman v. Hanks*, 766 N.E.2d 752, 757-58 (Ind. Ct. App. 2002). There remain "avenues available" to permit an inmate to "prosecute his action without having to represent himself at a trial in the courthouse." *Hill v. Duckworth*, 679 N.E.2d 938, 940 n.1 (Ind. Ct. App. 1997). These include such avenues as submission by documentary evidence, trial by telephonic conference, representation by counsel, and postponement until release from incarceration. *Id.*

(Ind. 2013). Clear error is that which leaves us with a definite and firm conviction that a mistake has been made. *Id.*

[7] "A plaintiff seeking damages for negligence must establish (1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty, and (3) an injury proximately caused by the breach of duty." *Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind. 2011). The duty of a custodian of inmates is "to take reasonable steps under the circumstances for the life, health, and safety of the detainee." *Sauders v. Cnty. of Steuben*, 693 N.E.2d 16, 18 (Ind. 1998).

[8] In most tort cases, a comparative negligence scheme is applicable and thus the negligence of a plaintiff, which contributed to the injury at issue, does not itself afford a complete defense to liability for a defendant. I.C. § 34-51-2-1 *et seq.*; *Kader v. State*, 1 N.E.3d 717, 728 (Ind. Ct. App. 2013). However, where a plaintiff pursues a claim of negligence against an alleged tortfeasor under the Indiana Tort Claims Act ("the Act"), the comparative negligence scheme of the Indiana Comparative Fault Act does not apply. *Kader*, 1 N.E.3d at 728. Rather, contributory negligence on the part of a plaintiff provides a complete defense to liability for the State and government actors who fall within the scope of the Act. *Id.* The Act applies to tort suits against governmental entities, political subdivisions, and individual members or employees of government entities under certain circumstances. *Id.*

[9] Whether a plaintiff has engaged in negligent conduct that contributed to his injury is ordinarily a question for the fact-finder. *Id.* at 729. However,

contributory negligence may be decided as a question of law where the facts are undisputed. *Funston v. Sch. Town of Munster*, 849 N.E.2d 595, 599 (Ind. 2006). A plaintiff is contributorily negligent when his conduct falls below the standard to which he should conform for his own protection and safety. *Jones v. Gleim*, 468 N.E.2d 205, 207 (Ind. 1984). If there is any negligence on the plaintiff's part, however slight, and that negligence is a proximate cause of his injuries, then the plaintiff is barred from any recovery against the government actor. *Funston*, 849 N.E.2d at 598.

Here, the small claims court concluded that Neal had been contributorily negligent, stating:

> The Court further finds that the Plaintiff was contributorily negligent as he noticed the puddle of water on the floor that he alleges caused his fall, and then knowingly entered into the area of the puddle which ultimately lead [sic] to his fall.

(App. at 7.)

This conclusion is supported by Neal's own affidavit, wherein he averred:

> On June 13th, 2013 there was a puddle in DFAC No. 4 near the exit, caused by a leak in the ceiling.
>
> That while exiting the DFAC I noticed a portion of this puddle and moved to step around it.
>
> That unfortunately the way the light was reflecting off the surface of the puddle made its full extent unascertainable from my perspective.

> Thus my attempt to avoid the puddle was negated; i.e. I stepped over the frying pan and unknowingly into the fire.
>
> That broad stepping into this puddle – in an attempt to avoid it – caused me to slip and fall violently.

(App. at 10-11.)

The facts regarding Neal's knowledge and conduct are not in dispute. Neal admittedly knew that there was a puddle of water on the cafeteria floor. Despite his limited mobility and use of a cane, he attempted to "broad-step" the puddle. (App. at 11.) The small claims court properly concluded that Neal was contributorily negligent.

# Conclusion

We find no clear error in the decision of the small claims court.

Affirmed.

Vaidik, C.J., and Crone, J., concur.