

**FILED**

May 06 2016, 9:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Jason D. May
Law Office of Jason D. May, LLC
Indianapolis, Indiana

Samuel D. Krahulik
The Hastings Law Firm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Pamela G. Schneeman
Assistant Corporation Counsel
Office of Corporation Counsel
Indianapolis, Indiana

Kevin C. Schiferl
Anthony W. Overholt
Alexander P. Will
Darren A. Craig
Frost Brown Todd, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Barbara Hill, individually and as guardian of Charles Hill, incapacitated, and as next friend of Alexandra Hill, a minor, and Macey Hill, a minor, by her next friend and mother, Tenise Hill-Cornelius,

*Appellant-Plaintiffs,*

v.

Erich E. Gephart, City of Indianapolis, and Marion County Sheriff's Department,

*Appellee-Defendants.*

May 6, 2016

Court of Appeals Case No.
49A02-1509-CT-1288

Appeal from the Marion Superior Court

The Honorable James A. Joven, Judge

Trial Court Cause No.
49D13-1204-CT-16235

**Mathias, Judge.**

[1] Barbara Hill, individually and as guardian of Charles Hill ("Charles"), incapacitated, and as next friend of Alexandra Hill, a minor, and Macey Hill ("Macey"), a minor, by her next friend and mother, Tenise Hill-Cornelius (collectively "the Hills") filed a complaint in Marion Superior Court against Erich Gephart ("Deputy Gephart"), the City of Indianapolis, and the Marion County Sheriff's Department (collectively "Defendants") alleging that Defendants were negligent when a Marion County Sheriff jail transport vehicle driven by Deputy Gephart struck and severely injured Charles. Defendants moved for summary judgment, arguing that Deputy Gephart was not negligent and that Charles was contributorily negligent which was the proximate cause of his own injuries. The trial court granted Defendants' motion for summary judgment. The Hills now appeal and raise two issues, which we consolidate and restate as whether the trial court erred in granting Defendants' motion for summary judgment.

[2] We reverse and remand for proceedings consistent with this opinion.

## Facts and Procedural History

[3] On the evening of November 25, 2011, Charles and his daughter, Macey walked to Fox Hill Elementary School ("the school") from their residence on Fox Hill Drive in Indianapolis, Indiana, so Macey could play on the school's playground equipment.

[4] Charles and Macey left the residence when it was still light outside. The school is about one block east of the Hills' residence and takes about five minutes to walk there. To get to the playground, Charles and Macey walked along the east side of Fox Hill Drive[1], on the north side (left side) of the street facing oncoming westbound traffic. The school was located on the same side of the street as their residence, so Charles and Macey did not have to cross the street.

[5] While Macey played, Charles watched her and talked on his cell phone. As the sun went down, Charles and Macey decided to return home. They took the same route on the way back, this time walking again on the north side (right side) of Fox Hill Drive with their backs toward traffic. Charles and Macey decided to walk on the right side so they did not have to cross the street. Macey walked in front of Charles as he still talked on his phone.

[6] At approximately 6:00 p.m., Deputy Gephart, jail transport driver for the Marion County Sheriff's Department, began his shift. This was about the same time that Charles and Macey began walking home. Deputy Gephart's job required him to drive around the jail transport vehicle to transport arrestees. Like many police cars, the transport vehicle is equipped with a cockpit laptop computer. After leaving his home, Deputy Gephart drove southbound on Hoover Road, stopped at the intersection's stop sign, and turned right onto Fox

---

[1] Fox Hill Drive is a two-lane road that runs from east to west. No sidewalks are along either side of the street.

Hill Drive, traveling westbound at approximately 40 m.p.h. The posted speed limit on Fox Hill Drive is 30 m.p.h.

[7] As Deputy Gephart was driving around the 900 block of Fox Hill Drive, he heard a loud collision with the transport vehicle but did not see anything in the road. At the time, it was dark outside, and Deputy Gephart reported a glare reflecting off of his laptop. He immediately stopped the transport vehicle about fifty feet after the collision occurred and exited the vehicle to determine what had happened. Deputy Gephart observed damage to the passenger side windshield, mirror, and headlight.

[8] At that same time, Deputy Gephart saw Macey run across the grass and noticed that she was crying. He heard her say, "Somebody hit my. . ." Appellant's App. p. 199. However, Macey did not see, but only heard Deputy Gephart hit Charles because she was walking in front of him while Charles remained on the phone. When she turned around, she saw Charles lying in the grass north of the road. She also saw Deputy Gephart driving the transport vehicle but only "on the road surface." Appellant's App. p. 190.

[9] Still unsure of what had happened, Deputy Gephart grabbed his flashlight and looked back to the east of where he was standing. He saw a man, later identified as Charles, lying face down on the ground in the grass and noticed

that he was unresponsive, but still breathing.[2] Deputy Gephart then observed a large gash on the top of Charles's head. He immediately contacted his control operator and explained that he had hit someone with the transport vehicle. Deputy Gephart also requested an ambulance.

[10] After running home, Macey notified her grandmother that Charles had been hit. The Hill family rushed to the accident scene where they saw Charles lying face down on the ground unconscious and bleeding. Charles was then transported to the hospital for treatment. He suffered numerous severe injuries that require future treatment and rehabilitation.

[11] That same evening, Indianapolis Metropolitan Police Department ("IMPD") officers began investigating the collision led by Sergeant Doug Heustis ("Sergeant Heustis"). Sergeant Heustis took photos of the van, Charles's clothing, and the road. He also took measurements for purposes of accident reconstruction. After the investigation, Sergeant Heustis determined that Charles was "walking westbound at the edge of the westbound lane at the time of the crash" but "could not determine the exact location of []Hill at the time of impact." Appellant's App. p. 238. Sergeant Heustis concluded that "[t]he primary causes of this crash [were] a combination of the low light environment and the dark clothes being worn by the pedestrian." *Id.*

---

[2] Charles was wearing dark colored clothing at the time of the accident. One of his white shoes was found on the ground close to him when the Hills and paramedics arrived.

[12] On December 16, 2011, the Hills filed a Tort Claims Notice with Defendants. The Hills then filed a complaint in Marion Superior Court against Defendants alleging negligence and negligent infliction of emotional distress on April 23, 2012. After conducting discovery, Defendants filed a motion for summary judgment on March 30, 2015. The Hills responded with their opposition in response on May 28, 2015. Defendants then filed a reply brief in support for their motion for summary judgment and a motion to strike inadmissible evidence relied upon in opposition to motion for summary judgment on June 11, 2015. On June 25, 2015, the Hills filed a request for judicial notice.

[13] A hearing on Defendants' motion for summary judgment was held on July 1, 2015. On August 4, 2015, the trial court granted the Hills's request for judicial notice. Three days later, the court dismissed the Hills's complaint against Deputy Gephart and granted summary judgment in favor of the remaining Defendants. The Hills now appeal.

## Standard of Review

[14] Our standard of review for summary judgment appeals is well settled:

> When reviewing a grant of summary judgment, our standard of review is the same as that of the trial court. Considering only those facts that the parties designated to the trial court, we must determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. In answering these questions, the reviewing court construes all factual inferences in the non-moving party's favor and resolves all doubts as to the existence of a material issue against the moving party. The moving party bears the burden of

making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law; and once the movant satisfies the burden, the burden then shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact.

The party appealing a summary judgment decision has the burden of persuading this court that the grant or denial of summary judgment was erroneous. Where the facts are undisputed and the issue presented is a pure question of law, we review the matter de novo.

Importantly for this case, summary judgment is rarely appropriate in negligence actions, since negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person. This standard is best applied by a jury after hearing all of the evidence.

*M.S.D. of Martinsville v. Jackson*, 9 N.E.3d 230, 235 (Ind. Ct. App. 2014), *trans. denied* (citations and internal quotations omitted).

## Discussion

[15] The Hills argue that the trial court erred in granting Defendants' motion for summary judgment because Defendants' affirmative defense that Charles was contributorily negligent should be decided by a trier of fact, not as a matter of law. The Hills concede that Charles violated Indiana Code section 9-21-17-14 when he walked on the right hand side of Fox Hill Drive. Indiana Code 9-21-17-14 provides:

> If neither a sidewalk nor a shoulder is available, a pedestrian walking along and upon a highway shall walk as near as practicable to an outside edge to the roadway. If the roadway is two-way, the pedestrian shall walk only on the left side of the roadway.

[16] When a tort claim is brought against a governmental entity, such as the City of Indianapolis, the common law defense of contributory negligence remains applicable under Indiana Code section 34-51-2-2. *Whitmore v. South Bend Public Transp. Corp.*, 7 N.E.3d 994, 997 (Ind. Ct. App. 2014). Thus, if a plaintiff is negligent to even a small degree and that negligence proximately contributes to his claimed damages, contributory negligence will operate as a complete bar to his action. *Funston v. School Town of Munster*, 849 N.E.2d 595, 598 (Ind. 2006).

[17] A plaintiff is contributorily negligent when his conduct falls below the standard to which he should conform for his own protection and safety. *Whitmore*, 7 N.E.3d at 997 (citing *Funston*, 849 N.E.2d at 598). Negligence depends upon the lack of reasonable care that an ordinary person would exercise in like or similar circumstances. *Id.* Said differently, contributory negligence is the failure of a person to exercise for his own safety that degree of care and caution which an ordinary, reasonable, and prudent person in a similar situation would exercise. *Id.* Generally, contributory negligence is a question of fact for the jury to decide. *Id.* It will only be a question of law appropriate for summary judgment if the facts are undisputed and only a single inference can be drawn therefrom. *Id.* at 599.

[18] In its order, the trial court cited to *Larkins v. Kohlmeyer* for the proposition that it must be impossible to comply with a statute for the violation to be excused. 98

N.E.2d 896, 900 (Ind. 1951). On the basis that it was not impossible for Charles to comply with the statute by instead walking along the left hand side of the road, the trial court granted summary judgment in favor of Defendants.

[19] However, our supreme court in *Davison v. Williams* established that proof of the violation of a safety regulation creates a rebuttable presumption of negligence. 242 N.E.2d 101, 105 (Ind. 1968). Our supreme court concluded, "As for the question of what will constitute proof sufficient to rebut the presumption of negligence raised by violation of safety regulation, we believe the best test to follow is:

> Where a person has disobeyed a statute he may excuse or justify the violation in a civil action for negligence by sustaining the burden of showing that he did what might be reasonably expected by a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.

*Id*.

[20] While *Davison* involved the duty of a driver who violated a motor vehicle statute, we see no reason not to extend this holding to motor vehicle statues that impose duties on pedestrians as well. The rights and duties of pedestrians and motorists to use highways are reciprocal and should be exercised by each so as not to injure the other, and motorist owes pedestrians walking along a highway duty to exercise reasonable care to avoid injury. *American Carloading Corp. v. Gary Trust & Sav. Bank*, 25 N.E.2d 777, 781 (Ind. 1940).

[21] The Hills argue that Charles's violation was justifiably reasonable because by remaining on the right side of Fox Hill Drive, Charles and Macey did not have to cross the busy street. This was arguably a safer option for the father-daughter duo because no cross-walk existed. At his deposition, Charles also testified that the left side of the road did not have a sidewalk and in some places no shoulder to walk along because it was blocked by vegetation. Further, the Hills submitted an affidavit from an expert investigator to establish the speed limit and that vegetation was present along Fox Hill Drive. Defendants filed a motion to strike the affidavit as inadmissible, but the court never issued an order on the motion.

[22] Because the purpose of Indiana Code section 9-21-17-14 is to promote safety, it is counterintuitive to bar the Hills's claim without allowing Charles to explain why he was walking on the right side instead of the left side of the road. It is up to the jury to determine whether that act was reasonable or if Charles contributed to his injuries. For all of these reasons, a genuine issue of material fact exists as to whether Charles was contributorily negligent, and the trial court erred by disposing the Hills' claim on summary judgment. We therefore reverse and remand with instructions for the trial court to hold a jury trial on the matter.

[23] Reversed and remanded for proceedings consistent with this opinion.

Kirsch, J., concurs.

Brown, J., dissents with opinion.

Barbara Hill, individually and as guardian of Charles Hill, incapacitated, and as next friend of Alexandra Hill, a minor, and Macey Hill, a minor, by her next friend and mother, Tenise Hill-Cornelius,

*Appellant-Plaintiffs,*

v.

Erich E. Gephart, City of Indianapolis, and Marion County Sheriff's Department,

*Appellee-Defendants.*

Court of Appeals Case No. 49A02-1509-CT-1288

**Brown, Judge, dissenting.**

[24]     I respectfully dissent from the majority's conclusion that a genuine issue of material fact exists as to whether Charles was contributorily negligent and its decision to reverse and remand on the trial court's entry of summary judgment in favor of the Defendants.  Charles walked along Fox Hill Drive in a manner which violated Ind. Code § 9-21-17-14, and there is nothing in the designated evidence to demonstrate he "desired to comply with the law," which is required in order to rebut the presumption of negligence.  *See Davison v. Williams*, 251 Ind. 448, 457, 242 N.E.2d 101, 105 (1968).  Indeed, the designated evidence

shows that Charles, in failing to comply with the statute enacted for his safety, did not contravene the statute in a manner which might reasonably be expected of a person of ordinary prudence, but instead walked along the wrong side of the road clad in dark clothing and talking on his cell phone. Under these circumstances, I cannot say that the Hills have rebutted the presumption of negligence, and accordingly I would affirm the trial court's grant of summary judgment in favor of the Defendants.