

FILED

Aug 08 2019, 11:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Indiana Supreme Court

Supreme Court Case No. 19S-CT-282

## Katrina Murray and Aquila F. Flynn, as Co-Personal Representatives of the Estate of Jaylan T.R. Murray, Deceased

*(Appellants/Plaintiffs below)*

–v–

## Indianapolis Public Schools and Arlington Community High School

*(Appellees/Defendants below)*

Argued: June 18, 2019 | Decided: August 8, 2019

Appeal from the Marion Superior Court
No. 49D13-1703-CT-11107
The Honorable James A. Joven, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 18A-CT-1955

**Opinion by Justice David**

Chief Justice Rush and Justices Massa, Slaughter, and Goff concur.

**David, Justice.**

A student of Arlington Community High School was tragically murdered after leaving school grounds. His estate brought suit against the school and the school corporation for negligence for failing to monitor and supervise him. The defendants sought summary judgment arguing that they are immune from suit pursuant to the Indiana Tort Claims Act and further, that they are not liable for damages because the student was contributorily negligent as he left the school to participate in some criminal act. The trial court granted summary judgment. Finding that the student was contributorily negligent, we affirm the trial court.[1]

# Facts and Procedural History

Sixteen-year-old Jaylan Murray was shot and killed in February 2016, hours after he left the grounds of Arlington Community High School without permission. Jaylan, who lived with his father, was a frequent runaway who had a prior DCS file. A few days before he was murdered, he was reported missing, and on the night before, he committed a pharmacy robbery. On the day of his murder, he signed into school late, but then left early through an unmonitored school exit. Not much is known about the details of his murder and there is conflicting evidence about whether he left school to engage in a firearms deal or to buy marijuana.

His estate brought suit against Indianapolis Public Schools (IPS) and Arlington Community High School for wrongful death, alleging that defendants were negligent for failing to properly supervise and monitor their students during school hours. Defendants filed a motion for summary judgment arguing that it was immune pursuant to the Indiana Tort Claims Act (ITCA) and that Jaylan was contributorily negligent. The

---

[1] Because the contributory negligence issue is dispositive, we decline to address whether Defendants are immune from suit pursuant to the Indiana Tort Claims Act.

motion was granted (without detailed findings of fact and conclusions of law). A divided Court of Appeals reversed the trial court finding defendants were not entitled to immunity under ITCA and that there were issues of material fact regarding the contributory negligence claim. *Murray et al. v. Indianapolis Public Sch. et. al.*, 116 N.E.3d 525, 535 (Ind. Ct. App. 2018). After their petition for rehearing was denied, defendants sought transfer which we granted. Ind. Appellate Rule 58(A).

## Standard of Review

"When reviewing a summary judgment order, we stand in the shoes of the trial court." *Campbell Hausfeld/Scott Fetzer Company v. Johnson*, 109 N.E.3d 953, 955-56 (Ind. 2018) (citation omitted). Summary judgment is appropriate "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id*. at 956 (quoting Ind. Trial Rule 56(C)). Any ambiguity should be considered in the light most favorable to the non-moving party—here, the Estate. *Goodwin v. Yeakle's Sports Bar and Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016). To shift the burden to the non-moving party, the party moving for summary judgment must make a prima facie showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id*.

## Discussion and Decision

Indiana's Comparative Fault Act provides that "any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault, but does not bar recovery" with some exceptions. Ind. Code. § 34-51-2-5. This tort claim was filed against a public school and a public school system which are both government entities. The Comparative Fault Act does not apply to governmental entities. Ind. Code. § 34-51-2-2.

Instead, Indiana's common law contributory negligence doctrine applies. *Penn Harris Madison Sch. Corp. v. Howard*, 861 N.E.2d 1190, 1193

(Ind. 2007). Under this law, a plaintiff is barred from recovery when he or she is negligent and this negligence is even slightly the cause of the alleged damages. *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 911 (Ind. 2009). Further, it is well established that a plaintiff is "contributorily negligent when his conduct falls below the standard to which he should conform for his own protection and safety." *Hill v. Gephart*, 54 N.E.3d 402, 406 (Ind. Ct. App. 2016), *clarified on reh'g, trans. denied*. Because "[n]egligence depends upon the lack of reasonable care that an ordinary person would exercise in like or similar circumstances," "contributory negligence is the failure of a person to exercise for his own safety that degree of care and caution which an ordinary, reasonable, and prudent person in a similar situation would exercise." *Id.* Generally, contributory negligence is a fact for the jury. *Id.* However, it may be a question of law appropriate for summary judgment "if the facts are undisputed and only a single inference can be drawn therefrom." *Id.* at 406-07.

"Children over the age of 14, absent special circumstances, are chargeable with exercising the standard of care of an adult." *Penn Harris Madison Sch. Corp.*, 861 N.E.2d at 1194. Here, Jaylan was sixteen. While his estate argues that the specific reason for Jaylan's departure from school is unknown, no one contends there are any special circumstances that would render Jaylan incapable of exercising this standard of care. Thus, he is charged with exercising the reasonable care an adult would.

The Court of Appeals and Jaylan's estate make much of the fact that it is unknown whether he left school to purchase guns or drugs. It is true that the facts surrounding why he left and what he planned to do are unclear or conflicting, but there's no material dispute here. That is, there is no dispute that: 1) he was involved in criminal activity (the pharmacy robbery) the night before his murder; 2) he left school property to engage in some criminal act; and 3) he was found with a large amount of money in an apartment complex known for criminal activity. In either case, it is clear that his leaving school to purchase either guns or drugs was not an exercise of reasonable care and caution for his safety. While a sixteen-year-old may not know all the perils that await him off of school grounds, he certainly knew there was danger in either of those two ventures. As

such, Jaylan was contributorily negligent.  To be clear, while Jaylan may not be solely or even primarily responsible for what happened, his negligence was at least a slight cause of the unfortunate harm he suffered.

## Conclusion

While Jaylan's death was certainly untimely and unfortunate, under our contributory negligence law, his estate's claims against defendants are barred as a matter of law.  Accordingly, we affirm the trial court.


Rush, C.J., and Massa, Slaughter and Goff, JJ., concur.


ATTORNEYS FOR APPELLANTS

Karl L. Mulvaney
Nana Quay-Smith
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

R.T. Green
Kellie C. Clark
Blackburn & Green
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Caren L. Pollack
Zachary J. Stock
Pollack Law Firm
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE, EDUCATIONAL SERVICE CENTERS RISK FUNDING TRUST

Jonathan L. Mayes
Mark A. Wohlford
Bose McKinney & Evans LLP
Indianapolis, Indiana