# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 10 2020, 10:26 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS
STATE OF INDIANA AND
INDIANA DEPARTMENT OF
TRANSPORTATION

Curtis T. Hill, Jr.
Attorney General of Indiana

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLANT
CITY OF INDIANAPOLIS

Elise C.L. Bowling
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Katherine G. Karres
Hensley Legal Group, PC
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Indiana Department of Transportation, State of Indiana, and City of Indianapolis, | November 10, 2020 |
| *Appellants-Defendants,* | Court of Appeals Case No. 20A-CT-36 |
| v. | Appeal from the Marion Superior Court |
| Jeremy Jackson, | The Honorable Patrick J. Dietrick, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 49D12-1708-CT-30776 |

**Weissmann, Judge.**

[1] Jeremy Jackson got into a car accident in Indianapolis and later filed a negligence complaint against the Indiana Department of Transportation (INDOT), the State (collectively, the State), and the City of Indianapolis (the City). The trial court entered summary judgment in favor of the State and the City but later granted Jackson's motion to correct error, setting aside the summary judgment order. The State and the City now appeal, arguing that in setting aside summary judgment, the trial court considered inadmissible evidence, and that they are entitled to summary judgment as a matter of law based on the admissible evidence. Finding issues of fact related to negligence per se (with respect to the City), proximate cause (with respect to both the City and the State), and duty (with respect to the City), we affirm and remand for further proceedings.

# Facts

[2] On September 12, 2016, around 9:00 p.m., Jackson was driving on the Calvary Street Bridge in Indianapolis when Peckham drove into Jackson's path from a cross street and their vehicles collided. Peckham later stated that she could not see Jackson's vehicle because her view was obstructed by flowerpots in the median. Jackson was injured in the collision.

[3] On August 9, 2017, Jackson filed a negligence complaint against Peckham. In February 2018, he amended the complaint to add the City, and in August 2018,

he amended the complaint to add the State.[1] On December 21, 2018, the City and the State each filed a motion for summary judgment, arguing that Jackson was not entitled to relief because he was contributorily negligent.

[4] In response to the summary judgment motions, Jackson designated evidence including the responding police officer's crash report and an affidavit of Kevin Johnson, an accident reconstructionist whom Jackson designated as an expert. The State moved to strike the crash report as inadmissible hearsay and the Johnson affidavit because: (1) it did not include a curriculum vitae and (2) Johnson did not state the methodology he used to form his opinions. Jackson objected, submitting a curriculum vitae for Johnson as an exhibit.

[5] On August 7, 2019, the trial court denied the motion to strike the crash report and the Johnson affidavit. It also granted summary judgment in favor of the State and the City. On September 5, 2019, Jackson filed a motion to correct error, alleging that there was a genuine issue of material fact regarding the speed limit on Calvary Street. Following a hearing, the trial court granted Jackson's motion to correct error, setting aside the summary judgment motion. The trial court noted that its decision was based on "the parties' designated evidence [and] the expert affidavits in particular," which led it to conclude that

---

[1] There were other named defendants who have either been dismissed or are not relevant to this appeal. Jackson later dismissed Peckham from the lawsuit after they reached a settlement.

"there are material issues of disputed fact that require resolution by the trier of fact." Appealed Order p. 1.

[6] The State and the City appealed. On March 27, 2020, this Court dismissed the appeal, finding that the order being appealed was not a final and appealable order. The State sought rehearing on the ruling. On May 12, 2020, this Court granted rehearing and reinstated the appeal, finding that the order being appealed was final and appealable.[2]

## Discussion and Decision

[7] The State and the City argue that the trial court erred by granting Jackson's motion to correct error and setting aside its original summary judgment order. We review an order granting a motion to correct error for an abuse of discretion, which occurs when the decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Ind. Bureau of Motor Vehicles v. Watson*, 70 N.E.3d 380, 384 (Ind. Ct. App. 2017). We apply a de novo standard of review to any questions of law. *Id.*

---

[2] Jackson renews his argument that the order granting his motion to correct error is not final and appealable. He is incorrect. Initially, the trial court granted summary judgment in favor of the City and the State. That was undeniably a final and appealable order. Ind. Appellate Rule 2(H)(2). When the trial court later granted Jackson's motion to correct error, it set aside its original summary judgment order. Indiana Trial Rule 59(F) provides that the order granting the motion to correct error is final and appealable: "Any modification or setting aside of a final judgment or an appealable final order following the filing of a Motion to Correct Error shall be an appealable final judgment or order."

[8]     In addition to the standard of review applied to motions to correct error, we must also consider the well-established standard of review applied to summary judgment proceedings:

> We review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

# I.  Admission of Evidence

[9]     Before we can determine the propriety of the orders, we must determine what evidence may properly be considered.  When considering a summary judgment motion, the court should consider only evidence that is admissible pursuant to the Rules of Evidence.  *E.g.*, *D.H. v. Whipple*, 103 N.E.3d 1119, 1126 (Ind. Ct. App. 2018) (citing Ind. Trial Rule 56(E) and noting that "a court considering a summary judgment motion should disregard inadmissible information contained in supporting or opposing affidavits").  The party offering the evidence bears the burden of establishing its admissibility.  *Id.*

The State and the City argue that the trial court erroneously admitted and relied upon two key documents proffered by Jackson—the crash report and the Johnson affidavit.

## A. Crash Report

The crash report, entitled "Indiana Officer's Standard Crash Report," was attached as Exhibit 1 to Jackson's response to the motions for summary judgment and constitutes the report of the accident completed by Indianapolis Metropolitan Police Officer Brian Swingle, who investigated the crash. State's App. Vol. II p. 113-17.

The State and the City argue that the crash report constitutes inadmissible hearsay that is specifically excluded under the relevant evidence rules. Hearsay is a statement made by the declarant while not testifying that is offered to prove the truth of the matter asserted. Ind. Evidence Rule 801(c).

## 1. Against the City

Officer Swingle is an employee and agent of the City. As such, the crash report is a statement of a party opponent (with respect to the City) and is therefore *not* hearsay. Evid. R. 801(d)(2). Therefore, the exceptions to the hearsay rule are irrelevant, and the trial court did not err by admitting the crash report against the City.

## 2. Against the State

Officer Swingle is *not* an employee or agent of the State. Consequently, the crash report constituted hearsay, and we must determine whether any of the exceptions to the hearsay rule render it admissible. *See* Ind. Evidence Rule 802 (providing that hearsay is inadmissible unless it falls within an exception). Evidence Rule 803(8)(B) provides that "the following are not excepted from the hearsay rule: (i) investigative reports by police and other law enforcement personnel, except when offered by an accused in a criminal case[.]" *See also Averitt Exp., Inc. v. State*, 18 N.E.3d 608, 611-12 (Ind. Ct. App. 2014) (holding that the trial court erred by denying a motion to strike a crash report proffered by the State in a civil case).

As against the State, the crash report can only be considered a police investigative report, and obviously, this is not a criminal case. As such, the plain language of Indiana Evidence Rule 803(8)(B) leads to an inescapable conclusion that the crash report is inadmissible hearsay.[3] Therefore, the trial court erred by denying the State's motion to strike the crash report and by relying on the document in making its rulings with respect to the State.

---

[3] Jackson argues that the crash report was admissible as the officer's recorded recollections. This exception to the hearsay rule applies when (1) a witness has insufficient memory of the event recorded; and (2) the witness vouches for the accuracy of the prior statement. *Kubsch v. State*, 866 N.E.2d 726, 734 (Ind. 2007); Ind. Evid. R. 803(5). Here, there is no designated evidence in the record establishing that Officer Swingle had insufficient memory of the crash or that the officer vouched for the accuracy of the speed limit listed in the crash report. State's App. Vol. II p. 119. Therefore, this exception to the hearsay rule does not apply.

# B. Johnson Affidavit

[16] Next, we consider the Johnson affidavit, which Jackson designated as an expert affidavit and on which the trial court explicitly relied in granting the motion to correct error. Affidavits supporting and opposing summary judgment must, among other things, be admissible and show that the affiant is competent to testify to the matters covered in the affidavit. Ind. Trial Rule 56(E). An expert affidavit must establish the credentials of the proffered expert and the methodology underlying the opinions offered. Ind. Evid. Rule 702; *Doe v. Shults-Lewis Child and Family Servs., Inc.*, 718 N.E.2d 738, 750 (Ind. 1999) (holding that expert affidavit must "present information supporting the scientific validity of the methodologies and processes used to form his opinion"). If those criteria are met, the expert testimony is admissible "only if the court is satisfied that the expert testimony rests upon reliable scientific principles." Evid. R. 702.

[17] Johnson's affidavit contains none of the methodology or reasoning that he used to reach his opinions. The affidavit states only which documents Johnson reviewed and that his opinion is based on the damage to the vehicle involved. State's App. Vol. II p. 186-87. Johnson's affidavit provides no explanation of how he formed his opinions—including whether his method utilizes techniques or accepted methodologies within the field of accident reconstruction. It did not provide the trial court "with enough information to proceed with a

reasonable amount of confidence that the principles used to form the opinion are reliable." *Shults-Lewis*, 718 N.E.2d at 751.[4]

[18]     Additionally, the affidavit contains no information regarding Johnson's special training or practical experience. *See McKibben Constr., Inc. v. Longshore*, 788 N.E.2d 452, 461 (Ind. Ct. App. 2003) (holding that the trial court erred by considering expert affidavit that was "completely devoid of any information regarding training or practical experience"). The document failed to state how long Johnson had been in the field of accident reconstruction, provide any information about his training and/or education, contain any information about certifications or licensures, or offer any information about experience establishing him as an expert. Jackson later attached Johnson's curriculum vitae as an exhibit to Jackson's response to the motion to strike. But because it was not timely designated in response to the summary judgment motion, it could not be considered by the trial court. *See HomEq Servicing Corp. v. Baker*, 883 N.E.2d 95, 98-99 (Ind. 2008) (creating a bright-line rule that trial courts may not consider evidence in opposition to summary judgment after thirty-day response period has expired).[5]

---

[4] Jackson argues that Johnson's affidavit could have been admissible as an opinion of a lay person. But the trial court relied on Johnson's opinion as an expert. Furthermore, Johnson's affidavit was not based on his own perceptions of the crash, meaning that it would not have been an admissible lay opinion. *Averitt Exp., Inc.*, 18 N.E.3d at 612-13.

[5] We also note that even if the designation had been timely, the curriculum vitae was not authenticated by affidavit or any other testimony from Johnson that those were, in fact, his credentials, meaning that it would have been inadmissible anyway. Ind. Evid. Rule 901(a) (authentication requirement).

Given the dearth of information regarding Johnson's methodology, reasoning, training, experience, or other qualifications, the Johnson affidavit was inadmissible and the trial court erred by relying on it in ruling on Jackson's motion to correct error.

## II. Summary Judgment

Next, we will consider whether the trial court properly set aside its order granting summary judgment in favor of the State and the City. Most tort lawsuits, including negligence claims, are subject to the Comparative Fault Act. Ind. Code § 34-51-2-1 et seq. Under the Comparative Fault Act, fault is assigned proportionately, and a claimant is not barred from recovery simply because he had "contributory fault." I.C. § 34-51-2-5.

The Comparative Fault Act, however, does not apply to governmental entities, I.C. § 34-51-2-2, meaning that the common law contributory negligence doctrine applies. *Murray v. Indianapolis Pub. Schs.*, 128 N.E.3d 450, 452 (Ind. 2019). When contributory negligence applies to a claim, the plaintiff is barred "from recovery when he or she is negligent and this negligence is even slightly the cause of the alleged damages." *Id.* at 453. While contributory negligence is usually a question of fact, it may be appropriately decided on summary judgment if the facts are undisputed and only a single inference can be drawn therefrom. *Id.* at 453.

## A. Negligence Per Se

[22]     Here, with respect to the State, the admissible evidence in the record is undisputed. The speed limit at the location of the accident was thirty miles per hour. State's App. Vol. II p. 209-11 (photos of speed limit signs near the accident site), 214-18 (evidence establishing that area in question was an urban district); *see also* Ind. Code § 9-21-5-2(a)(1) (a person may not drive in excess of thirty miles per hour in an urban district). Jackson was driving at thirty-five miles per hour. State's App. Vol. II p. 132 (Jackson's own deposition testimony);[6] s*ee also, e.g.*, *Bazeley v. Price*, 14 N.E.3d 127, 131 (Ind. Ct. App. 2014) (drivers have a duty to obey speed limits); *Key v. Hamilton*, 963 N.E.2d 573, 580 n.5 (Ind. Ct. App. 2012) (drivers have a duty to obey traffic laws). "Generally, the violation of a statutory duty constitutes negligence per se," including the violation of a statutory speed limit. *St. John Town Bd. v. Lambert*, 725 N.E.2d 507, 517 (Ind. Ct. App. 2000). Therefore, the only conclusion that can be drawn from the undisputed evidence is that Jackson was negligent per se with respect to the State.

---

[6] Jackson notes that he attested that he (mistakenly) believed the speed limit was thirty-five miles per hour and that he was driving thirty-five miles per hour. Therefore, he insists that his testimony creates an issue of fact as to whether he may have been driving at the true speed limit of thirty miles per hour, notwithstanding the fact that he explicitly stated that he was driving thirty-five miles per hour. Essentially, he seems to be arguing that he would have testified he was driving thirty miles per hour had he known that was the speed limit. He cannot create an issue of fact by contradicting his own testimony. *Bunger v. Brooks*, 12 N.E.3d 275, 279 (Ind. Ct. App. 2014). The only admissible evidence regarding Jackson's driving speed is his own explicit testimony that he was driving at thirty-five miles per hour.

With respect to the City, however, because we have found that the crash report was properly admitted into evidence as a statement of a party opponent, the issue is not undisputed. Specifically, the crash report states that the speed limit at the location of the accident was thirty-five miles per hour. State's App. Vol. II p. 114-15. This issue of fact prevents a finding of negligence per se with respect to the City and renders summary judgment in favor of the City improper.

## B. Proximate Cause

With respect to the State, having found that Jackson was negligent per se, we must determine whether the issue of proximate cause is appropriately resolved by summary judgment. "An act or omission is said to be a proximate cause of an injury if the resulting injury was foreseen, or reasonably should have been foreseen, as the natural and probable consequences of the act or omission." *Funston v. Sch. Town of Munster*, 849 N.E.2d 595, 600 (Ind. 2006).

The State contends that it is reasonably foreseeable that a driver who is speeding while entering an intersection could contribute to an accident. Traffic Safety Engineer Luis Laracuente attested that "the higher the speed, the less time a driver would have to react and make a certain movement" and that an increase in five miles per hour over the posted speed limit results in a "significant" reduction in reaction time. State's App. Vol. II p. 79-80.

On the other hand, there is also evidence in the record that a higher than average number of crashes occurred at the intersection at issue. State's App.

Vol. II p. 168.  Additionally, Peckham attested that she was on an unnamed access road that intersected with Calvary.  Before she drove across Calvary, she looked for oncoming vehicles, but her view was obstructed by large planters in the median on Calvary.  *Id.* at 126.  In the years leading up to the accident, the City had received multiple complaints that northbound motorists on the access road were unable to see westbound motorists on Calvary because of the planters in the median.  *Id.* at 151, 158-59.  Five days before the accident in this case occurred, the City and INDOT conducted a site visit at the access road and decided to close the access road temporarily.  *Id.* at 156.[7]

[27]  Generally, proximate cause is a question of fact to be determined by the jury.  *Gates v. O'Connor*, 111 N.E.3d 215, 224 (Ind. Ct. App. 2018), *trans. denied*.  But when the relevant facts are undisputed and lead to only a single inference or conclusion, it may be resolved as a matter of law.  *Id.*  In this case, while the core relevant facts are essentially undisputed, the inferences that may be drawn from those facts are anything but.  In other words, proximate cause must be determined by a factfinder following a trial.

[28]  In sum, while we have found that Jackson was negligent per se (with respect to the State), we have found that issues of fact prevent us from determining the issue of proximate cause.  Therefore, the trial court did not err by granting the

---

[7] Obviously, while INDOT and the City agreed to close the access road, the closure had not taken effect five days later when the accident occurred.

motion to correct error and setting aside its original summary judgment order with respect to the State.[8]

# C. Duty

[29] The City argues that even if it does not prevail on the issue of negligence per se, summary judgment is still warranted because it does not owe a duty with respect to the intersection at issue. Specifically, the City argues that the relevant roadways are under INDOT's exclusive jurisdiction. While duty is often a question of law to be resolved by a court, there may be factual questions interwoven with the analysis, rendering the existence of duty a mixed question of law and fact that must be determined by a factfinder. *E.g.*, *Rhodes v. Wright*, 805 N.E.2d 382, 386 (Ind. 2004) (finding that where there was a factual dispute about which party had control of the premises at which an accident occurred, jury should decide the question of duty).

[30] On the issue of control of the roadways, median, and intersection at issue herein, the record is as clear as the proverbial mud:

- The Calvary Street Bridge is an overpass under INDOT jurisdiction, City's Supp. App. Vol. II p. 122;
- the planters are placed in right of ways shared by the City and the State, State's App. Vol. II p. 146;
- the City has a legal right to remove or move the planters, *id.*;

---

[8] Although we need not reach the issue of proximate cause with respect to the City because we have found an issue of fact regarding negligence per se, we note that our analysis of proximate cause would apply to the City as well as the State.

- the planters were owned by the City and were part of the Adopt-A-Median program, *id.* at 136;
- a City engineer disclaimed all knowledge of the planters and attested that the City has no involvement with or record of them, *id.* at 145;
- the City and the State were working together on a permit process to close and repurpose the access road, *id.* at 166;
- a landscape architect involved in discussions about the closure of the access road attested that "there was a lack of understanding of who owns the cut-through, INDOT or the City," and that the City put up construction barrels to close the access road for a period of time in the past, *id.* at 178; and
- the same landscape architect attested that there was a "lack of understanding . . . on the City's part about who the actual owner and/or operator" of the access road was and that the site visit conducted by the City and INDOT caused those two entities "to have a conversation about that." *Id.* at 104.

It is readily apparent that there are multiple issues of fact interwoven with the question of the City's duty regarding this intersection. Therefore, the trial court did not err by granting Jackson's motion to correct error and setting aside its summary judgment order.

[31] The judgment of the trial court is affirmed and remanded for further proceedings.

Bailey, J., and Vaidik, J., concur.