

I N T H E

# Court of Appeals of Indiana

Calvary Temple Church of Evansville, Inc.,

*Appellant-Defendant*

v.

Gerard A. Kirsch,

*Appellee-Plaintiff*



FILED
Apr 15 2024, 9:10 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

April 15, 2024

Court of Appeals Case No.
23A-CT-1728

Appeal from the Vanderburgh Superior Court

The Honorable Mary Margaret Lloyd, Judge

Trial Court Cause No.
82D05-2109-CT-4406

---

**Opinion by Judge Mathias**
Judges Bailey and Crone concur.

**Mathias, Judge.**

[1] Calvary Temple Church of Evansville, Inc. ("Calvary") appeals the Vanderburgh Superior Court's denial of its motion for summary judgment on Gerard Kirsch's complaint alleging Calvary's negligence. Calvary presents a single issue for our review, namely, whether it is entitled to summary judgment under Indiana Code section 34-31-7-2.

[2] We affirm.

## Facts and Procedural History

[3] During the summer of 2019, Kirsch, then a member of the Calvary Board of Trustees, volunteered to spearhead a project to build a shed on the church property. The shed was to be used as a garage for a van the church had purchased. Kirsch and others constructed the shed over several months. On September 14, when the shed was almost completed, Kirsch was climbing a ladder when he fell and sustained a serious injury. At the time of the fall, Kirsch was holding a large piece of sheet metal in one hand and a screw gun in the other as he ascended the ladder. As a result of the fall, Kirsch suffered a deep laceration to his arm which required surgery. Kirsch suffered permanent nerve damage in that arm.

[4] On September 10, 2021, Kirsch filed a complaint against Calvary alleging negligence. Calvary moved for summary judgment, arguing that it was not liable to Kirsch under Indiana Code section 34-31-7-2 as a matter of law. The

trial court denied that motion. Kirsch asked the court to certify the issue for interlocutory appeal, which it did, and we accepted jurisdiction.

## Discussion and Decision

[5] Calvary appeals the trial court's denial of its summary judgment motion. Our standard of review is well settled:

> When this Court reviews a grant or denial of a motion for summary judgment, we "stand in the shoes of the trial court." *Burton v. Benner*, 140 N.E.3d 848, 851 (Ind. 2020) (quoting *Murray v. Indianapolis Public Schools*, 128 N.E.3d 450, 452 (Ind. 2019)). Summary judgment is appropriate "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Campbell Hausfeld/Scott Fetzer Co. v. Johnson*, 109 N.E.3d 953, 955-56 (Ind. 2018) (quoting Ind. Trial Rule 56(C)). We will draw all reasonable inferences in favor of the non-moving party. *Ryan v. TCI Architects/Engineers/Contractors. Inc.*, 72 N.E.3d 908, 912-13 (Ind. 2017). We review summary judgment de novo. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

*Munster Med. Rsch. Found., Inc. v. Hintz*, 222 N.E.3d 950, 955 (Ind. Ct. App. 2023) (citation omitted), *trans. denied*. Calvary's appeal turns on a question of statutory construction, which is "particularly appropriate for resolution by summary judgment," as it is a pure question of law. *See Floyd Cnty. v. City of New Albany*, 1 N.E.3d 207, 213 (Ind. Ct. App. 2014), *trans. denied*.

[6] As our Supreme Court has explained:

When interpreting a statute, our primary goal is to fulfill the legislature's intent. *Adams v. State*, 960 N.E.2d 793, 798 (Ind. 2012). And the "best evidence" of that intent is the statute's language. *Id.* If that language is clear and unambiguous, we simply apply its plain and ordinary meaning, heeding both what it "does say" and what it "does not say." *State v. Dugan*, 793 N.E.2d 1034, 1036 (Ind. 2003).

* * *

Under well-established principles of statutory interpretation, a statute is ambiguous when it allows more than one reasonable interpretation. *Adams*, 960 N.E.2d at 798. . . . And if we conclude a statute is ambiguous, then we resort to the rules of statutory interpretation to fulfill the legislature's intent. *Suggs v. State*, 51 N.E.3d 1190, 1194 (Ind. 2016).

*Mi.D. v. State*, 57 N.E.3d 809, 812-13 (Ind. 2016). One rule of statutory interpretation is that

[s]tatutes in derogation of the common law are to be strictly construed. *In re Adoption of Force* (1956), 126 Ind. App. 156, 131 N.E.2d 157. This rule has special force when the statute affects a common law right or duty. *See Hinshaw v. Board of Comm'rs of Jay County* (1993), Ind., 611 N.E.2d 637. When the legislature enacts a statute in derogation of the common law, this Court presumes that the legislature is aware of the common law, and does not intend to make any change therein beyond what it declares either in express terms or by unmistakable implication. *Tittle v. Mahan* (1991), Ind., 582 N.E.2d 796, 800.

*Bartrom v. Adjustment Bureau, Inc.*, 618 N.E.2d 1, 10 (Ind. 1993).

Calvary interprets Indiana Code section 34-31-7-2 ("the statute") to preclude its liability for Kirsch's injuries. The statute provides in relevant part as follows:

> a nonprofit religious organization has only the following duties concerning persons who enter premises owned, operated, or controlled by the nonprofit religious organization and used primarily for worship services:
>
> (1) If a person enters the premises with the actual or implied permission of the nonprofit religious organization, the nonprofit religious organization has a duty to:
>
>> (A) warn the person of a hidden danger on the premises if a representative of the nonprofit religious organization has actual knowledge of the hidden danger; and
>>
>> (B) refrain from intentionally harming the person.

*Id.*

The statute is in derogation of the common law set out in *Burrell v. Meads* that

> [a] possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
>> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>>
>> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

569 N.E.2d 637, 639-40 (Ind. 1991) (quoting Restatement (Second) of Torts § 343 (1965)).

[9] Calvary maintains that it is not liable to Kirsch under the statute because his injury occurred on its premises, which it owns and which are used primarily for worship services; that the danger to Kirsch was not hidden; and that it did not intentionally harm Kirsch. In support, Calvary cites this Court's opinion in *Henderson v. New Wineskin Ministries Corporation*, 160 N.E.3d 582 (Ind. Ct. App. 2020). In *Henderson*, a woman slipped and fell in the parking lot of her church. After she filed suit, the church moved for summary judgment on the ground that it was not liable for her injuries under the statute. The trial court granted summary judgment for the church.

[10] On appeal, another panel of this Court affirmed summary judgment for the church. *Id.* at 587. We held that the term "premises" was unambiguous and applied its ordinary meaning from Black's Law Dictionary: a "house or building, along with its grounds[.]" *Id.* at 586 (citing Black's Law Dictionary 1371 (10th ed. 2019)). And we observed that that definition "follows our premises-liability jurisprudence, as we have generally considered a parking lot to be included in the term 'premises.'" *Id.*

[11] We conclude that *Henderson* is not applicable here. *Henderson* turned on the definition of "premises" alone. But we must consider the additional and explicit

qualifier to "premises" in the statute, namely, "premises . . . used primarily for worship services." I.C. § 34-31-7-2. We conclude that that qualifier, on the facts before us, renders the statutory language subject to more than one reasonable interpretation and is therefore ambiguous. Specifically, the phrase "premises . . . used primarily for worship services" could mean either (1) the entire premises, including all buildings and the entire grounds, even where only a portion of those spaces are used primarily for worship services; or (2) only that portion of the whole of the buildings and grounds that are actually used primarily for worship services, for instance, the main worship building and its parking lot.[1]

[12] Again, the statute is in derogation of the common law, and so it must be strictly construed. *Bartrom*, 618 N.E.2d at 10. If "premises" in this context were to include all buildings and grounds of a nonprofit religious organization without limitation, including areas not used primarily for worship services, the legislature would not have needed to add the qualifying language. Indeed, by limiting the statute's reach to premises used *primarily* for worship services, the legislature has excluded premises used only occasionally for worship services.

[13] We therefore hold that, under Indiana Code section 34-31-7-2, "premises . . . used primarily for worship services" means only those *portions* of the premises that are used primarily for worship services. Here, in support of its

---

[1] We agree with *Henderson* that the parking lot in that case was "used primarily for worship services" because it was integral to attendance of those services.

summary judgment motion, Calvary did not designate evidence that the shed where Kirsch was injured was used primarily for worship services. Indeed, the evidence makes clear that it is otherwise. In any event, Calvary's summary judgment motion turns solely on an interpretation of the statute that we reject. Accordingly, we affirm the trial court's denial of summary judgment for Calvary.

[14] We affirm.

Bailey, J., and Crone, J., concur.

ATTORNEYS FOR APPELLANT

Ronald A. Mingus
Alexander M. Beeman
Katherine M. Haire
Reminger Co., L.P.A.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Robert T. Garwood
Gerling Law Offices
Evansville, Indiana